■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR FIGUEROA, Appellant. [800 NYS2d 673]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), rendered April 11, 2005, which denied defendant's motion to be resentenced pursuant to the 2004 Drug Law Reform Act (DLRA), unanimously reversed, on the law, and the matter remanded for further proceedings in accordance herewith.

On May 14, 2002, defendant was sentenced to a term of 23 years to life following his conviction of criminal possession of a controlled substance in the first degree, a class A-I felony, after he was found to be in possession of more than six ounces of heroin (Penal Law § 220.21 [former (1)]).

In December 2004, the Legislature passed and Governor Pataki signed significant reforms to the Rockefeller-era drug laws, which included a procedure for individuals convicted of class A-I felonies to apply for resentencing in accordance with the amendments (L 2004, ch 738, § 23). For the purposes of this appeal, the relevant portions of the DLRA provide: "any person in the custody of the department of correctional services convicted of a class A-I felony offense defined in article 220 of the penal law which was committed prior to the effective date of this section, and sentenced thereon to an indeterminate term of imprisonment with a minimum period not less than fifteen years pursuant to provisions of the law in effect prior to the effective date of this section, may, upon notice to the appropriate district attorney, apply to be resentenced in accordance with section 70.71 of the penal law in the court which imposed the original sentence. Such application shall be referred for determination to the judge or justice who imposed the original sentence upon such person. . . . If the court determines that such person does stand convicted of such a class A-I felony offense, it may

consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by such person or the people and may, in addition, consider the institutional record of confinement of such person, but shall not order a new presentence investigation and report or entertain any matter challenging the underlying basis of the subject conviction. *The court shall offer an opportunity for a hearing and bring the applicant before it.* The court may also conduct a hearing, if necessary, to determine whether such person qualifies to be resentenced or to determine any controverted issue of fact relevant to the issue of sentencing. Upon its review of the submissions and the findings of fact made in connection with the application, the court shall, unless substantial justice dictates that the application should be denied, in which event the court shall issue an order denying the application, specify and inform such person of the term of a determinate sentence of imprisonment it would impose upon such conviction, as authorized for a class A-I felony by and in accordance with section 70.71 of the penal law, in the event of a resentence and shall enter an order to that effect." (*Id.* [emphasis added].)

Pursuant to these amendments, defendant moved to be resentenced in February 2005. In an affirmation, his attorney stated that the amendments provide that in the event a defendant convicted of an A-I drug felony petitions for resentencing, the court must afford him an opportunity for a hearing and grant the petition unless substantial justice dictates otherwise. Counsel acknowledged that defendant had three felony convictions and a violation for harassment in 2004 while in prison, but emphasized that since the time he was incarcerated defendant had completed courses in nonviolent confrontation and qualified as a workshop facilitator, completed an overview course on HIV/AIDS, participated in a Narcotics Anonymous group, and since attending a shop orientation had been promoted and worked as a porter. Moreover, counsel stated that defendant had a strong support group outside of prison, including his wife and daughters, and maintained that "[n]othing indicates that substantial justice requires this Court to reject defendant's resentence application," and that "[d]efendant's application to be resentenced to the minimum permissible sentence should . . . be granted."

In opposition, the Assistant District Attorney emphasized that defendant was found in possession of 4,548 glassines of heroin that had three distinctive stamps, an indication that the drugs were to be sold at three different locations, and that the instant conviction was defendant's third felony conviction. The

prosecutor also pointed to the fact that defendant had prior misdemeanor convictions, and that on March 26, 2004, he was the subject of a Tier 2 citation for harassment and threats, of which he was ultimately found guilty following a hearing. The prosecutor further indicated that "[i]t is the People's position that, while [defendant's] sentence of [23] years to life . . . must be altered to reflect the new legislation, a determinate term of 23 years . . . is appropriate in the present case given the severity of the charges, the specific underlying facts and actions of [defendant], and the [defendant's] prior criminal history."

Defendant replied that the progress he exhibited while incarcerated warranted a lesser sentence than the 23 years proposed by the People. At the same time, defendant also moved to be resentenced as an A-II felon because he was found in possession of six ounces of heroin and Penal Law § 220.21 now requires the possession of eight ounces in order to be guilty of criminal possession in the first degree. Defendant urged that the amendments should be retroactively applied at his resentencing hearing.

Although initially scheduling a hearing for April 22, 2005, on April 11, 2005, the court, concluding that a hearing was not necessary, issued a decision summarily denying defendant's application to be resentenced in an opinion which detailed the parties' arguments, reviewed the relevant portions of the DLRA and defendant's criminal history.

The court's summary denial of defendant's application was error and requires reversal. The statute expressly provides that once a court determines that a defendant has been convicted of a class A-I narcotics felony "[t]he court shall offer an opportunity for a hearing and bring the applicant before it." (L 2004, ch 738, § 23.) The plain language of the statute is clear and unambiguous and mandates that upon a defendant's motion to be resentenced the court shall offer him or her a hearing at which he or she shall be brought before the court. While the language of the statute itself is the best evidence of the Legislature's intent (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]), the mandatory nature of providing a hearing in such case is further buttressed by the subsequent language directing that when considering a defendant's application, the court undertake a "review of the submissions and the *findings of fact* made in connection with the application" (L 2004, ch 738, § 23 [emphasis added]). Implicit in such direction is fact-finding after a hearing.

Since the court in this case reached its determination summarily and without holding the necessary hearing, and in light

of the court's evident predisposition to deny the application, the interests of justice would best be served by remanding this matter back to the Supreme Court for a hearing and de novo determination of defendant's application before another judge.

Finally, the People's concern that the system would be overwhelmed, were a hearing to be held in every case of a defendant convicted of a class A-I felony who seeks a resentence under the DLRA statute, appears to be unfounded. The memorandum in support of the legislation states that a total of only about 400 A-I felons would be affected by this legislation (Assembly Mem in Support of NY Assembly Bill A 11895, 2004 McKinney's Session Laws of NY, at 2178). Concur—Andrias, J.P., Marlow, Sullivan, Ellerin and Nardelli, JJ.