■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MISAEL BURGOS, Appellant. [843 NYS2d 59]—

Order, Supreme Court, New York County (Charles H. Solomon, J.), entered June 16, 2006, which denied defendant's motion to be resentenced, unanimously affirmed.

The motion court did not misapprehend the application of the Drug Law Reform Act (L 2005, ch 643, § 1); unlike the court in *People v Arana* (32 AD3d 305 [2006]), it recognized defendant's eligibility for consideration, and providently exercised its discretion (*see People v Vasquez*, 41 AD3d 111 [2007], *lv dismissed* 9 NY3d 870 [2007]).

Although the statute provides that "[t]he court shall offer an opportunity for a hearing and bring the applicant before it" (L 2005, ch 643, § 1), the critical facts here were uncontested, making it unnecessary for the court to convene an evidentiary hearing when the parties were before it (*cf. People v Figueroa*, 21 AD3d 337, 339 [2005], *lv denied* 6 NY3d 753 [2005]). There was no error in declining to hold a hearing to determine defendant's exact position in the hierarchy of the drug sale operation in which he was involved, when his undisputed conduct, especially his postarrest conduct, warranted the denial of resentencing in

the exercise of the court's discretion. Defendant never disputed that he had (1) participated in conversations about murdering a sitting Supreme Court justice, (2) instigated a telephoned death threat against a supervising assistant district attorney and his family, and (3) caused a bomb threat to be called in concerning the Criminal Court building in Manhattan. Indeed, this conduct had served as aggravating factors justifying a sentence longer than those imposed upon his codefendants. Defendant's apologies and subsequent protests that he had never actually intended to harm the judge cannot negate this shocking course of conduct. Notwithstanding defendant's protests that he was merely a low-level seller, consideration of even his undisputed conduct supports the court's conclusion that substantial justice dictated the denial of defendant's resentencing motion. Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Williams, JJ.