■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
IVAN SOLER, Appellant. [846 NYS2d 59]—

Order, Supreme Court, New York County (Charles H. Solomon, J.), entered on or about July 28, 2005, which denied defendant's motion to be resentenced under the 2005 Drug Law Reform Act (L 2005, ch 643), unanimously affirmed.

The court properly exercised its discretion in determining that substantial justice dictated a denial of resentencing. Defendant was a leader of a large-scale drug operation with numerous felony convictions, along with repeated violations of probation and parole. On virtually every occasion when he was released from custody, he was rearrested on new charges, and he also had several infractions while in prison (see e.g. People v Salcedo, 40 AD3d 356 [2007], lv dismissed 9 NY3d 850 [2007]; People v Gonzalez, 29 AD3d 400 [2006], lv denied 7 NY3d 867 [2006]).

Defendant's argument that he was denied a "meaningful" hearing is unpreserved and we decline to review it in the interest of justice. Were we to review the issue, we would find that defendant was brought before the court and given an opportunity to be heard, which is all that the statute requires (see L 2005, ch 643, § 1; People v Figueroa, 21 AD3d 337, 339 [2005], lv denied 6 NY3d 753 [2005]). Moreover, at the time of the hearing, the defense had already made written submissions in support of resentencing.

In view of the foregoing, we find it unnecessary to decide any other issues. Concur—Tom, J.P., Saxe, Friedman, Williams and Buckley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECILIO REYES, Appellant. [845 NYS2d 741]—Order, Supreme Court, New York County (Marcy L. Kahn, J.), entered on or about May 5, 2006, which denied defendant's motion for resentencing pursuant to the 2005 Drug Law Reform Act, unanimously affirmed.

The court properly denied defendant's motion on the ground that he was less than three years from his parole eligibility date when he filed the motion (see People v Bautista, 26 AD3d 230 [2006], appeal dismissed 7 NY3d 838 [2006]). Since defendant was clearly ineligible, as a matter of law, for resentencing, there was no reason for the court to assign counsel or conduct a hearing (see People v Santana, 44 AD3d 340 [2007]). Concur—Tom, J.P., Saxe, Friedman, Williams and Buckley, JJ. [See 12 Misc 3d 1195(A), 2006 NY Slip Op 51584(U).]

■ RUSSIAN SAMOVAR, INC., Doing Business as SAMOVAR SCH FOOD SERVICE, Doing Business as PAPOO's RESTAURANT, et al.,