THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN A. MORALES, Appellant. [848 NYS2d 486]—

Appeal from an order of the Onondaga County Court (Anthony F. Aloi, J.), entered October 19, 2005 pursuant to the 2004 Drug Law Reform Act. The order denied defendant's application to be resentenced upon defendant's 1991 conviction of criminal sale of a controlled substance in the first degree (two counts) and criminal possession of a controlled substance in the first degree.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from an order pursuant to the 2004 Drug Law Reform Act ([DLRA-1] L 2004, ch 738) denying his application for resentencing upon his 1991 conviction of two counts of criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [former (1)]) and one count of criminal possession of a controlled substance in the first degree (§ 220.21 [former (1)]). We reject the contention of defendant that County Court erred in failing to conduct a hearing on his resentencing application. "In appearing before the court in accordance with [DLRA-1], both defendant and defense counsel explained to the court why resentencing was warranted, and we conclude under the circumstances that the hearing requirement of [DLRA-1] was met" (*People v Williams*, 45 AD3d 1377 [2007]). We further conclude that the court complied with

DLRA-1 by reciting the reasons for its determination on the record and including that transcript as part of its order denying defendant's application for resentencing. "[T]he court is vested with the discretion to deny an application for resentencing if 'substantial justice dictates that the application should be denied' " (*People v Rivers*, 43 AD3d 1247, 1247 [2007]; *see People v Vega*, 40 AD3d 1020 [2007], *lv dismissed* 9 NY3d 852 [2007]), and we conclude that this is such a case. DLRA-1 is intended to afford relief to low level offenders and, based upon the large amount of cocaine involved in the subject transactions, it is evident that defendant is not such an offender. Present—Scudder, P.J., Gorski, Lunn, Fahey and Peradotto, JJ.