(October 9, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RAMPINO, Appellant. [865 NYS2d 77]—

Order, Supreme Court, New York County (Edward J. McLaughlin, J.), entered on or about March 8, 2006, which denied defendant's motion for resentencing pursuant to the Drug Law Reform Act (L 2004, ch 738), unanimously reversed, on the law, and the matter remanded to a different Justice for a de novo determination.

As the People concede, a remand to Supreme Court is neces-

'sary given that Supreme Court erroneously denied defendant his statutory right to an opportunity for a hearing on his application for resentencing. We direct that the motion be heard before a different Justice because the appearance of fairness and impartiality has been compromised by the actions of the Justice to whom defendant's application was assigned (*see Fresh Del Monte Produce N.V. v Eastbrook Caribe A.V.V.*, 40 AD3d 415, 421 [2007] [directing that matter be reassigned to another Justice where party had "raise(d) a reasonable concern about the appearance of impartiality"]).

The following constitutes the relevant portion of the record on the date the resentencing application was to be heard:

"The Court: I was just told that [defendant] is in Elmhurst Hospital complaining of chest pains.

"So I don't have any—I've thought about this case considerably.

"I'm denying the application for altering his sentence. I don't know whether we're actually going to get him here in the courtroom. And so you folks can do with this situation as you choose.

"The application is denied. If the First Department tells me to do it again, that's fine. This case is finished. Okay. Have a nice day."

Nothing in the record warrants the conclusion that defendant was feigning chest pains, and Supreme Court made no such suggestion.

The mandate of the governing statute is unequivocal. It specifies that the court "shall offer an opportunity for a hearing and bring the applicant before it" (L 2004, ch 738, § 23). This Court's case law at the time of Supreme Court's oral ruling was no less unequivocal in construing "[t]he plain language of the statute" as mandating defendant's production (*People v Figueroa*, 21 AD3d 337, 339 [2005], *lv denied* 6 NY3d 753 [2005]). After inexplicably denying defendant his statutory right, Supreme Court issued a written decision denying the application.

We need not discuss the substantive reasons articulated by Supreme Court in its subsequent written decision. It is enough to note that Supreme Court made numerous findings adverse to defendant's application. Defendant should not be required to overcome the hurdle of persuading the same Justice that he also erred in making these findings. Concur—Saxe, J.P., Sweeny, McGuire, Renwick and Freedman, JJ.