■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MORENO, Appellant. [871 NYS2d 346]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Marrero, J.), dated February 15, 2006, which denied, without a hearing, his motion for resentencing pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23) on his conviction of criminal possession of a controlled substance in the first degree, the sentence having been originally imposed, upon a jury verdict, on April 17, 1997.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new determination on the motion, in accordance herewith.

In 1997 the defendant was convicted of, inter alia, criminal possession of a controlled substance in the first degree, a class A-I felony, and was sentenced for that offense to an indeterminate term of imprisonment of 25 years to life. In October 2005 the defendant moved, through counsel, for resentencing pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23). On January 26, 2006 the defendant's attorney appeared at the call of the calendar and answered "Yes" when the clerk asked him "Counsel, do you waive the defendant's appearance?" The matter was adjourned for a decision and, by order dated February 15, 2006, the Supreme Court summarily denied the defendant's motion.

Under the circumstances of this case, the Supreme Court failed to comply with the statutory mandate that "[t]he court shall . . . bring the applicant before it" (L 2004, ch 738, § 23; *see People v Rampino,* 55 AD3d 348 [2008]; *People v Gutierrez,* 51 AD3d 536 [2008]; *People v Figueroa,* 21 AD3d 337 [2005]). The People contend that defense counsel waived the defendant's right to be brought before the court. There is nothing in the record, however, to support any inference that the defendant was ever advised of his statutory right to be brought before the court, or that he knowingly, intentionally, and voluntarily chose to relinquish that right (*see Johnson v Zerbst,* 304 US 458 [1938]; *People v Lopez,* 6 NY3d 248, 256-257 [2006]). Moreover, *People v Burgos* (44 AD3d 387 [2007]), upon which the People rely, is readily distinguishable, since the defendant in that case, unlike the defendant in this case, was brought before the court.

Accordingly, we reverse the order appealed from and remit the matter to the Supreme Court, Kings County, for a new determination on the defendant's motion, to be made after affording him an opportunity to appear before the court, and, if necessary, conducting a hearing (*see* L 2004, ch 738, § 23). Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.