[876 NYS2d 82]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VAUGHAN, Appellant.

Second Department, March 24, 2009

### APPEARANCES OF COUNSEL

*Steven Banks*, New York City (*Susan Epstein* of counsel), for appellant.

*Charles J. Hynes, District Attorney*, Brooklyn (*Leonard Joblove* and *Joyce Slevin* of counsel; *Ross Yaggy* on the brief), for respondent.

### OPINION OF THE COURT

PRUDENTI, P.J.

The Drug Law Reform Act of 2004 (L 2004, ch 738; hereinaf-

ter the 2004 DLRA) contains provisions substituting determinate sentences for the lengthy indeterminate sentences previously required for drug-related offenses (see L 2004, ch 738, §§ 20, 36), and authorizing individuals serving sentences for class A-I felony drug offenses committed prior to the statute's effective date to apply for resentencing under the newly-enacted sentencing structure (see L 2004, ch 738, § 23). The principal question presented on this appeal is whether the ameliorative provisions of the 2004 DLRA are broad enough to vest a resentencing court with the power to direct that a sentence for a felony drug offense run concurrently with a sentence for a non-drug-related felony, where the sentences were originally ordered to run consecutively.

In 1988 the defendant, Michael Vaughan, was arrested after police officers stopped a livery cab in which he was a passenger and found him to be in possession of six ounces of crack cocaine, an automatic handgun loaded with 25 rounds of ammunition, and a clip containing another 26 rounds of ammunition. During his arrest, the defendant struggled with the police officers, attempted to draw the handgun from his waistband, and repeatedly threatened to kill the officers.

After a jury trial, the defendant was convicted of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the second degree. During his trial, the defendant attempted to escape from custody, and in the process slashed the face of a corrections officer with a razor blade. In connection with this incident, the defendant pleaded guilty to assault in the second degree.

The Supreme Court sentenced the defendant to an indeterminate prison term of 15 years to life on the drug possession count and, as a persistent violent felony offender, to nine years to life on the weapon possession count and six years to life on the assault count. The court directed that the three prison terms run consecutively, resulting in an aggregate prison term of 30 years to life.

In 2006 the defendant moved for resentencing pursuant to the 2004 DLRA. The defendant requested a sentence on the drug possession count consisting of a determinate prison term of 15 years plus a five-year period of postrelease supervision. The defendant asserted, in his motion papers, that if the three prison terms were still required to run consecutively, the substitution of a determinate prison term of 15 years for the original indeterminate prison term of 15 years to life would not

alter his aggregate prison term, which would still be 30 years to life. He thus contended that resentencing would be ineffectual if the sentence were not also altered to direct that the determinate term run concurrently with the indeterminate terms. Accordingly, the defendant moved to vacate the original sentence and resentence him to a determinate prison term of 15 years, indeterminate prison terms of nine years to life and six years to life, and a five-year period of postrelease supervision, with a direction that the determinate term of imprisonment run concurrently with the indeterminate terms of imprisonment. The People opposed the motion, contending, among other things, that the court lacked the authority to modify the defendant's sentence by directing that the prison terms run concurrently. The Supreme Court denied the defendant's motion without a hearing, and the defendant appeals.

The Criminal Procedure Law provides that: "Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced" (CPL 430.10). While the 2004 DLRA does, in fact, specifically authorize the court to change a sentence, the scope of that authorization is limited. The statute only permits a person convicted of a class A-I drug felony who is serving an indeterminate prison term with a minimum period of at least 15 years to be resentenced "in accordance with section 70.71 of the penal law," which provides for the imposition of determinate sentences for class A-I drug felonies (L 2004, ch 738, § 23).

The 2004 DLRA is not designed to grant the resentencing court plenary power over the defendant's sentence, including the determination as to how the sentence should be served in relation to sentences imposed for other, violent, non-drug-related felonies. There is no indication that the Legislature intended that the issue of concurrent versus consecutive sentences should be reopened when a defendant is resentenced in conformance with the new sentencing structure adopted in the 2004 DLRA. The purpose of the resentencing provision of the 2004 DLRA is simply to retroactively reduce the level of punishment for certain drug offenses. A decision that a sentence for such an offense should run consecutively or concurrently in relation to sentences for other offenses is unrelated to the ameliorative purposes of the 2004 DLRA. Thus, the legislative shift from indeterminate sentences to less harsh determinate sentences for

drug offenses does not provide an occasion to revisit a determination as to whether such a sentence should run consecutively or concurrently with respect to other sentences.

This reasoning is supported by our decision in *People v Romain* (288 AD2d 242 [2001]). In that case, the defendant was convicted of two counts of murder in the first degree and one count of murder in the second degree, and was sentenced to consecutive prison terms of 25 years to life on the counts of murder in the first degree, which were to run concurrently with another term of 25 years to life, imposed on the count of murder in the second degree. The defendant moved, pursuant to CPL 440.20, to vacate the consecutive sentences imposed on the counts of murder in the first degree. The Supreme Court granted the motion, and modified those two sentences to run concurrently with each other, but also directed that those two sentences run consecutively to the sentence imposed on the count of murder in the second degree. Citing CPL 430.10, this Court held that it was impermissible for the Supreme Court to alter the legally-imposed directive that the sentence on the count of murder in the second degree run concurrently with the other sentences. The Court explained:

> "The Supreme Court's original direction that the sentence imposed for murder in the second degree was to run concurrently with the sentences imposed for the two counts of murder in the first degree was legal. However, the defect or illegality was in directing the sentences imposed for the two counts of murder in the first degree to run consecutively to each other. Once that illegality was successfully challenged by the defendant in his motion pursuant to CPL 440.20, there was no other defect to rectify. Therefore, the Supreme Court lacked any statutory or inherent authority to modify the already-commenced legal concurrent sentence imposed for murder in the second degree so as to direct that it run consecutively to the now concurrent sentences for the two counts of murder in the first degree" (*People v Romain*, 288 AD2d at 243 [citation omitted]).

Similarly, in the instant case, the only defect in the original sentence is that the indeterminate prison term imposed on the drug possession count does not conform to the new sentencing structure set forth in the 2004 DLRA. That defect can be

completely cured by replacing the indeterminate prison term of 15 years to life with a determinate prison term within the range specified in Penal Law § 70.71 (4) (b) (i). Since there is no other defect to rectify, altering the already-commenced sentence to make the prison term on the drug possession count run concurrently with the other two prison terms would be beyond the Supreme Court's power.

In arguing that the Supreme Court had the authority to modify the sentence by directing that the prison terms run concurrently, the defendant relies on *Matter of Murray v Goord* (1 NY3d 29 [2003]). In that case, the defendant was convicted on drug charges and was sentenced to concurrent indeterminate prison terms of 7½ to 15 years. The defendant was subsequently convicted of manslaughter, and a second judge sentenced him to an indeterminate prison term of 7½ to 15 years, to run consecutively to his undischarged term of imprisonment on the drug conviction. The Appellate Division, First Department, reversed the defendant's drug conviction, and the defendant subsequently pleaded guilty to reduced drug charges, and was sentenced by a third judge to an indeterminate term of imprisonment of 4½ to 9 years, to be served concurrently with the sentence imposed on the manslaughter conviction. When the Department of Correctional Services determined that the defendant's sentences were to run consecutively, the defendant commenced a proceeding pursuant to CPLR article 78 to challenge that determination. The Court of Appeals granted the petition, holding that *"when there is a vacated judgment of conviction* and subsequent resentencing of someone subject to an undischarged term of imprisonment,"* the discretion to determine whether sentences should run concurrently or consecutively "devolves upon the last judge in the sentencing chain" (*id.* at 32 [emphasis added]). The Court noted that "divesting the last sentencing judge of this discretion would, as an unwise subsidiary consequence, limit the parties' latitude in negotiating a plea" (*id.*).

We find *Murray* to be distinguishable from the present case. Significantly, the resentencing in *Murray* took place after the defendant's judgment of conviction had been vacated. Under those circumstances, the defendant was returned to his pretrial status, and, after his subsequent plea of guilty, the sentencing process began anew. In the context of a resentencing under the 2004 DLRA, although the original sentence is technically vacated, the underlying conviction remains in place, and the

actual effect of the procedure is merely to modify the sentence by substituting a determinate prison term (and a period of post-release supervision) for an indeterminate prison term. Moreover, unlike the situation presented in *Murray*, a resentencing under the 2004 DLRA presents no opportunity for plea negotiations and, thus, there is no reason to be concerned that the narrowing of the court's resentencing powers will unduly constrain such negotiations.

In *Murray*, the Court of Appeals acknowledged the prohibition on changing the terms of a sentence set forth in CPL 430.10, but concluded that this statute, when read together with Penal Law § 70.25 (1), did not prevent the last sentencing judge in that case from imposing concurrent sentences. Section 70.25 (1) provides that:

> "when multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs at the time of sentence" (Penal Law § 70.25 [1]).

After the reversal of his drug conviction, the defendant in *Murray* was subject only to the undischarged term of imprisonment imposed upon his manslaughter conviction. At the new sentencing proceeding that followed his plea of guilty to the drug charges, the court imposed "an additional term of imprisonment," and thus had the authority, under Penal Law § 70.25 (1), to direct the manner in which that prison term would run with respect to the undischarged prison term. In a resentencing procedure under the 2004 DLRA, by contrast, the defendant is not being "sentenced to an additional term of imprisonment." Rather, the sentence is already in place, and is merely being altered to conform to the sentencing structure set forth in the 2004 DLRA. Although the sentence is technically vacated, it is immediately replaced by the new determinate sentence. Thus, a court that resentences a defendant pursuant to the 2004 DLRA does not possess the authority, conferred by Penal Law § 70.25 (1), to determine whether the sentence is to be served concurrently or consecutively with respect to other sentences.

Accordingly, the Supreme Court correctly determined that it lacked the authority to grant the relief the defendant requested, namely, a resentence to a determinate prison term of 15 years, to run concurrently with the indeterminate prison terms imposed on the weapon possession and assault counts.

As the defendant himself asserted, his request that the determinate prison term of 15 years be made to run concurrently with his other prison terms was an integral and indispensable aspect of the relief he sought. Since the Supreme Court lacked the authority to alter the defendant's sentence by directing that the drug possession sentence run concurrently with the other sentences, the relief sought by the defendant, as a matter of law, could not be granted. In light of this determination, we need not reach the issue of whether the Supreme Court applied the correct standard when it proceeded to make the discretionary determination that the defendant was not entitled to resentencing (*see People v Beasley*, 47 AD3d 639 [2008]). Moreover, although the Supreme Court handed down its order denying the motion in the defendant's absence and, thus, failed to "bring the applicant before it" (L 2004, ch 738, § 23; *see People v Moreno*, 58 AD3d 643 [2009]; *People v Figueroa*, 21 AD3d 337 [2005]), reversal is not warranted, since the defendant's presence is not required where the court makes the threshold determination that, as a matter of law, the relief sought by the defendant is not available under the statute (*cf. People v McCurdy*, 11 Misc 3d 757, 760 [2006], *affd on other grounds* 46 AD3d 843 [2007]).

For the foregoing reasons, the order is affirmed.

MASTRO, DILLON and BALKIN, JJ., concur.

Ordered that the order is affirmed.