■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANCHEZ, Appellant. [910 NYS2d 668]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (D'Emic, J.), imposed May 23, 2008, pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738), upon his conviction of criminal possession of a controlled substance in the first degree, upon a jury verdict.

Ordered that the resentence is affirmed.

The Supreme Court granted the defendant's motion to be resentenced pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738) (hereinafter the 2004 DLRA) on his conviction of criminal possession of a controlled substance in the first degree, a class A-I drug felony. However, contrary to the defendant's contention, the Supreme Court's authority to change his sentence pursuant to the 2004 DLRA did not extend to the indeterminate sentence on his conviction of a class B drug felony. "The 2004 DLRA is not designed to grant the resentencing court plenary power" over a defendant's sentence (*People v Vaughan*, 62 AD3d 122, 125 [2009]). The 2004 DLRA only permits a person convicted of a class A-I drug felony who is serving an indeterminate prison term of at least 15 years to be resentenced in accordance with the provisions of Penal Law § 70.71, which provides for the imposition of determinate sentences for class A-I drug felonies (*id.* at 125). Thus, the Supreme Court was not authorized to resentence the defendant on his conviction for criminal possession of a controlled substance in the third degree, a class B drug felony (*see* CPL 430.10). Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.