█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY HIGHSMITH, Appellant. [917 NYS2d 791]—

Appeal from an order of the Erie County Court (Thomas P. Franczyk, J.), entered December 15, 2008 pursuant to the 2004 and 2005 Drug Law Reform Acts. The order granted defendant's application for resentencing upon defendant's conviction of criminal possession of a controlled substance in the first

degree and criminal sale of a controlled substance in the second degree (two counts) and specified the sentence that would be imposed.

It is hereby ordered that the order so appealed from is unanimously affirmed and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order granting his application for resentencing upon his conviction of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [former (1)]), pursuant to the 2004 Drug Law Reform Act (DLRA-1) (L 2004, ch 738, § 23), and for resentencing upon his conviction of two counts of criminal sale of a controlled substance in the second degree (§ 220.41 [1]), pursuant to the 2005 Drug Law Reform Act (DLRA-2) (L 2005, ch 643, § 1). The order also specified that, for each of the three counts, County Court would impose a determinate sentence of eight years plus a period of postrelease supervision of five years. Defendant failed to preserve for our review his contention that County Court failed to "offer an opportunity for a hearing and bring [him] before it" (L 2005, ch 643, § 1; L 2004, ch 738, § 23; see CPL 470.05 [2]). Contrary to defendant's contention, "[t]here was no mode of proceedings error in this matter and, thus, any alleged error required preservation" (*People v Rosen*, 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]). In any event, we conclude that "the critical facts here were uncontested, making it unnecessary for the court to [conduct] an evidentiary hearing" (*People v Burgos*, 44 AD3d 387, 387 [2007], *lv dismissed* 9 NY3d 990 [2007]).

Defendant contends that the court had authority to reduce the conviction of criminal possession of a controlled substance in the first degree, an A-I drug felony, to criminal possession of a controlled substance in the second degree, an A-II drug felony, on the ground that defendant was convicted of possessing an amount of cocaine that does not meet the weight requirement for the A-I drug felony set forth in the statute as amended by DLRA-1. We reject that contention inasmuch as DLRA-1 "does not permit the court to disturb the underlying class A-I felony conviction" (*People v Watts*, 58 AD3d 648, 649 [2009], *lv dismissed* 12 NY3d 763 [2009]; *see People v Quinones*, 22 AD3d 218, 219 [2005], *lv denied* 6 NY3d 817 [2006]; *see generally People v Utsey*, 7 NY3d 398, 404 [2006]). Further, the court properly concluded that, in resentencing defendant pursuant to DLRA-1 and DLRA-2, it lacked authority " 'to determine whether the sentence[s are] to be served concurrently or consecutively with respect to other sentences' " (*People v Ace-*

*vedo*, 14 NY3d 828, 831 [2010]). Finally, we reject defendant's contention that the proposed new sentence is harsh and excessive.

We therefore affirm the order and remit the matter to County Court to afford defendant an opportunity to withdraw his application for resentencing before the proposed new sentence is imposed, as required by DLRA-1 and DLRA-2. Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.