■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED ALAOUIE, Appellant. [926 NYS2d 530]—

The court properly exercised its discretion in determining that substantial justice dictated denial of the application. Regardless of whether it sometimes used terminology other than "dictated," the court expressly relied on the applicable standard (see People v Marti, 81 AD3d 418 [2011]), and it properly considered appropriate criteria. Uncontested information about defendant's very serious pattern of violent behavior while incarcerated dictated denial of his motion (see e.g. People v Flores, 50 AD3d 1156 [2008], lv dismissed 10 NY3d 934 [2008]).

When the court announced that it was deciding the motion on the parties' written submissions, defendant did not object or identify any factual disputes requiring an evidentiary hearing. Accordingly, defendant did not preserve his argument that the court conducted an inadequate hearing on his motion (see People v Soler, 45 AD3d 499 [2007]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. While the better practice would be to expressly offer defendant an opportunity to be heard, there was no dispute as to the primary facts that led the court to deny resentencing (see People v Robinson, 45 AD3d 442 [2007], lv dismissed 10 NY3d 815 [2008]; People v Burgos, 44 AD3d 387, 387 [2007], lv dismissed 9 NY3d 990 [2007]). Concur—Andrias, J.P., Friedman, Sweeny, Renwick and Román, JJ.