■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [928 NYS2d 278]—

In January 2005, defendant was convicted, upon a guilty plea, of criminal possession of a controlled substance in the third degree and bail jumping in the second degree. The plea was part of a cooperation agreement, which defendant violated when he failed a drug test. Following an unsuccessful direct appeal (*People v Anonymous*, 36 AD3d 522 [2007], *lv denied* 8 NY3d 919 [2007]), in January 2010, defendant moved to be resentenced pursuant to the resentencing provisions of the Drug Law Reform Act of 2009 (*see* CPL 440.46 [1], [3]; L 2009, ch 56, part AAA, § 9). In its response to the motion, the prosecution acknowledged that defendant was eligible for resentencing but argued that the application should be denied on substantial justice grounds.

On November 17, 2009, defendant appeared with counsel for

the first time. At that proceeding, counsel served defendant's reply to the People's opposition papers. The court then adjourned the case to December 15, 2009, but did not indicate that it intended to render a decision on that date. In the interim, the court permitted the prosecution to submit a surreply in further opposition to defendant's application.

On December 15, 2009, defendant appeared with counsel. The court handed down a written decision denying defendant's application. Counsel was surprised, and requested that the court consider additional information pertinent to the resentencing application that counsel had just learned the day before. Counsel handed the information to the court in the form of a letter, dated December 15, 2009, explaining that she had been in contact with Deputy Inspector General Christopher Martuscello at the Office of the Inspector General of the Department of Correctional Services. Martuscello confirmed with counsel on December 14, 2009 that he had information relevant to the resentencing application that he wished to share with the court. Martuscello's delay in providing that information occurred because defendant's file had been misplaced. Accordingly, defense counsel requested an adjournment so that Mr. Martuscello's information could be obtained.

Defense counsel stated that although she did not have specific information, the letter that she had submitted contained a number for the court to call "to obtain some additional information about [defendant] . . . while in state prison." However, the court responded, "You can submit it, but I'm letting you know I have filed a decision. I've considered everything, and my decision is what it is. I'll look at what you submit, but I'm not going to make any representation that I'm going to alter my decision or have a further adjournment here." In her continuous efforts to get an adjournment, counsel explained that "the reason that nothing was submitted before is because I just got information yesterday that I think pertains to the resentencing decision, and I would therefore like to present that to the court with the hopes that the court might take the action suggested here and possibly reconsider its decision."

Again, the court refused to grant an adjournment, explaining, "I filed a decision . . . The case is over." In its written decision, the court concluded that defendant was eligible to be resentenced under CPL 440.46 (1), but denied the application on substantial justice grounds. This appeal ensued.

We find that the court should have granted an adjournment to consider the information from the Deputy Inspector General at the Department of Correctional Services. Once a court makes

the determination that a defendant is eligible to be resentenced under the Drug Law Reform Act (DLRA), it must give the defendant an opportunity to be heard (*see* L 2004, ch 738, § 23; *People v Figueroa*, 21 AD3d 337, 339 [2005], *lv denied* 6 NY3d 753 [2005]; *People v Diaz*, 68 AD3d 497 [2009] [DLRA required the court to offer defendant an opportunity for a hearing, notwithstanding that he was also serving a concurrent sentence of equal length for his first-degree conspiracy conviction, upon which he was ineligible for resentencing]).

While the court had no duty to take the affirmative steps of calling the Deputy Inspector General to procure the information being offered, it should have given defense counsel a reasonable opportunity to gain access to the information. Significantly, no claim has been made that defense counsel failed to exercise due diligence in attempting to procure the information offered by the Deputy Inspector General. In fact, it is undisputed that the Deputy Inspector General's delay in communicating with counsel was due to his misplacement of defendant's file. Significantly, defense counsel made the application before the court immediately upon becoming aware of the availability of the information. Under the circumstances, it was not unreasonable for defendant to request an adjournment to procure the presence of the Deputy Inspector General or a letter detailing defendant's activities in prison that purportedly are relevant to resentencing.

The dissent's statement that the "letter contained no substantive factual assertions" ignores the context within which the issue arose. Before broaching the subject of the letter, defense counsel asked the court to close the courtroom. The court, however, refused to do so, for no apparent reason. Thus, it appears that defense counsel's circumspect handling of the matter was based on legitimate concerns for her client's safety. Any reluctance of defense counsel to reveal information was not unreasonable; it was error for the court to deny an adjournment under these circumstances.

Accordingly, we remand on defendant's application for resentencing to allow defendant a reasonable opportunity to procure the information being offered by the Deputy Inspector General. Concur—Mazzarelli, J.P., Renwick, and Richter, JJ.

Saxe and DeGrasse, JJ., dissent in a memorandum by Saxe, J., as follows: I would affirm the denial of defendant's CPL 440.46 motion for resentencing.

The court met its obligation to "offer an opportunity for a hearing and bring the applicant before it" (L 2004, ch 738, § 23), as required by the 2009 Drug Law Reform Act (*see* CPL

440.46 [3]), when defendant was "brought before the court and given an opportunity to be heard" (*People v Soler*, 45 AD3d 499, 499 [2007], *lv dismissed* 9 NY3d 1009 [2007]).

Defendant's moving papers were dated October 7, 2009, and he submitted his reply papers at the initial appearance on the motion on November 17, 2009. At that point, the court was entitled to proceed on the assumption that it had been provided with all the information and arguments on which defendant intended to rely in seeking resentencing. Because there was nothing in those submissions establishing the existence of disputed facts warranting an evidentiary hearing, the statute required nothing further on the part of the court, except its decision (*see People v Burgos*, 44 AD3d 387 [2007], *lv dismissed* 9 NY3d 990 [2007]). The court therefore correctly proceeded on the assumption that it could hand down its decision on the motion on the adjourn date.

The letter that defense counsel handed up to the court on the adjourn date was insufficient to require the court to handle the motion in any other way. The letter contained no substantive factual assertions. It merely amounted to an assertion by defense counsel that a Department of Correctional Services official had unspecified "information relevant to the resentencing application" to share with the court. Such a vague reference to "information" does not give rise to a "controverted issue of fact" (L 2004, ch 738, § 23) so as to warrant a hearing. Nor was the letter even sufficient to indicate that the referred-to information was material to the issues relevant to resentencing (*see People v Diggins*, 11 NY3d 518, 524-525 [2008]).

The majority agrees that the court had no obligation to procure the purported information, but concludes that it erred in failing to grant defendant an adjournment. I disagree. First, the letter does not explain why the existence and substance of that information could not have been timely obtained and provided; its unexplained reference to a "misplaced" file is insufficient. Second, the record establishes no reason to conclude that an adjournment was warranted, either as a matter of law or in the exercise of discretion. If, as the majority agrees, the extra time sought was not to be used for the court to contact the Deputy Inspector General, then the court should have been given some basis to believe that counsel possessed substantive information that she would be able to document in the intervening period. However, nothing in the submitted letter indicates that given additional time, the defense could have obtained the vaguely referred-to additional information. Indeed, the record fails to establish that defense counsel possessed actual substan-

tive information at that time, and chose not to convey it because the court denied defense counsel's request to close the courtroom. Counsel said on the record that "rather than describe [the additional information] in open court I would like to submit this letter," and then submitted a letter that failed to describe even the nature of the information. She did not seek to speak off the record at a sidebar conference, or take any other steps to protect defendant from public disclosure of the claimed information.

On the merits of the motion, the court properly exercised its discretion in determining that substantial justice dictated the denial of the application. That conclusion was warranted by the totality of the circumstances, including defendant's six felony convictions, his involvement in the sale of large quantities of drugs, his extensive prison disciplinary record, and his multiple failures to appear in court (*see e.g. People v Estela*, 80 AD3d 526 [2011]). I would therefore affirm.