▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE SCARBOROUGH, Appellant. [931 NYS2d 495]—

The court denied the motion on the ground of ineligibility. The court also determined, in the alternative, that substantial justice dictated denial of the motion.

Defendant is eligible for consideration for resentencing even though he had been released from custody on his drug conviction but reincarcerated for a parole violation (*see People v Paulin*, 17 NY3d 238 [2011]). Under the circumstances of this case, defendant is entitled to further proceedings on the issue of substantial justice.

An applicant for resentencing under the Drug Law Reform Act is entitled to be "brought before the court and given an opportunity to be heard" (*People v Soler*, 45 AD3d 499 [2007], *lv dismissed* 9 NY3d 1009 [2007]). As the People concede, defendant was not produced in court on the date the court handed down its decision. Nor does the record show that he was given

an opportunity to be heard at the court appearances before the decision was issued (*People v Jenkins*, 86 AD3d 522, 523 [2011]). Furthermore, there appears to be a disputed issue as to the extent of defendant's prison disciplinary record.

Defendant's request for assignment of the case to a different justice is denied. Concur—Catterson, J.P., Richter, Manzanet-Daniels and Román, JJ.