# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

705
KA 11-00062
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

PLIEKOU IRVIN, DEFENDANT-APPELLANT.
_____

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (DAVID M. PARKS OF COUNSEL),
FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.
-------------------------------------------------------------------

Appeal from an order of the Ontario County Court (William F.
Kocher, J.), dated June 7, 2010 pursuant to the 2009 Drug Law Reform
Act.  The order denied defendant's application to be resentenced upon
defendant's 2002 conviction of criminal sale of a controlled substance
in the third degree.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law and the matter is remitted to Ontario
County Court for further proceedings in accordance with the following
Memorandum:  On defendant's appeal from an order denying his
application for resentencing pursuant to the 2009 Drug Law Reform Act
(*see* CPL 440.46), the People correctly concede that defendant's status
as a reincarcerated parole violator did not render him ineligible to
apply for resentencing (*see People v Paulin*, 17 NY3d 238, 242; *People
v Cobb*, 90 AD3d 779; *People v Wallace*, 87 AD3d 824, 824).  Although
County Court also denied his application on the ground that
substantial justice dictated that the application be denied, we
conclude that the court erred in making that determination without the
benefit of a hearing (*cf. People v Beasley*, 47 AD3d 639, 640-641;
*People v Rivers*, 43 AD3d 1247, 1247-1248, *lv dismissed* 9 NY3d 993).
At the very least, the court should have permitted defendant and his
attorney to appear and explain " 'why resentencing was warranted' "
(*People v Morales*, 46 AD3d 1395, 1395, *lv dismissed* 10 NY3d 768).

We therefore reverse the order and remit the matter to County
Court for further proceedings on defendant's application for
resentencing pursuant to CPL 440.46.


Entered:  June 8, 2012                        Frances E. Cafarell
                                              Clerk of the Court