Appeal from an order of the Ontario County Court (William E Kocher, J.), dated June 7, 2010 pursuant to the 2009 Drug Law Reform Act. The order denied defendant’s application to be resentenced upon defendant’s 2002 conviction of criminal sale of a controlled substance in the third degree.
It is hereby ordered that the order so appealed from is unanimously reversed on the law and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: On defendant’s appeal from an order denying his application for resentencing pursuant to the 2009 Drug Law Reform Act (see CPL 440.46), the People correctly concede that defendant’s status as a reincarcerated parole violator did not render him ineligible to apply for resentencing (see People v Paulin, 17 NY3d 238, 242 [2011]; People v Cobb, 90 AD3d 779 [2011]; People v Wallace, 87 AD3d 824, 824 [2011]). Although County Court also denied his application on the ground that substantial justice dictated that the application be denied, we conclude that the court erred in making that determination without the benefit of a hearing (cf. People v Beasley, 47 AD3d 639, 640-641 [2008]; People v Rivers, 43 AD3d 1247, 1247-1248 [2007], lv dismissed 9 NY3d 993 [2007]). At the very least, the court should have permitted defendant and his attorney to appear and explain “ ‘why resentencing was warranted’ ” (People v Morales, 46 AD3d 1395, 1395 [2007], lv dismissed 10 NY3d 768 [2008]).
We therefore reverse the order and remit the matter to County Court for further proceedings on defendant’s application for resentencing pursuant to CPL 440.46. Present — Scudder, P.J., Centra, Peradotto, Carni and Lindley, JJ.