SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1366

KA 09-02305

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

BERNABE ENCARNACION, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered April 9, 2009 pursuant to the 2004 Drug Law Reform Act. The order denied defendant's application to be resentenced upon defendant's 1991 conviction of, inter alia, two counts of criminal sale of a controlled substance in the first degree.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his application for resentencing pursuant to the 2004 Drug Law Reform Act ([DLRA-1] L 2004, ch 738, § 23). Defendant failed to preserve for our review his contention that County Court erred in failing to hold an evidentiary hearing inasmuch as he did not request such a hearing (*see id.; People v Murray*, 89 AD3d 567, 568, *lv denied* 18 NY3d 960; *People v Highsmith*, 79 AD3d 1741, 1742, *lv denied* 16 NY3d 831). In any event, that contention lacks merit. Defendant appeared with defense counsel before the court on the resentencing application, and defense counsel " 'explained to the court why resentencing was warranted' " (*People v Morales*, 46 AD3d 1395, 1395, *lv dismissed* 10 NY3d 768). The court also gave defendant the opportunity to address the court directly on his application for resentencing. Under those circumstances, " 'the hearing requirement of [DLRA-1] was met' " (*id.; cf. People v Irvin*, 96 AD3d 1453, 1453).

We reject the further contention of defendant that the court erred in denying his resentencing application. DLRA-1 provides that, in reviewing an application for resentencing, the court may consider "any facts or circumstances relevant to the imposition of a new sentence which are submitted by [the defendant] or the [P]eople and may, in addition, consider the institutional record of confinement of [the defendant]" (L 2004, ch 738, § 23). The court may also consider

a defendant's subsequent convictions (*see People v Dominguez*, 88 AD3d 901, 901, *lv denied* 18 NY3d 882; *People v Vega*, 40 AD3d 1020, 1020, *lv dismissed* 9 NY3d 852; *People v Gonzalez*, 29 AD3d 400, 400, *lv denied* 7 NY3d 867).  In short, "the court is vested with the discretion to deny an application for resentencing if 'substantial justice dictates that the application should be denied' " (*People v Rivers*, 43 AD3d 1247, 1247, *lv dismissed* 9 NY3d 993, quoting L 2004, ch 738, § 23), and we conclude that this is such a case.

Only five years after his drug conviction, defendant stabbed a fellow inmate to death, for which he was convicted of murder in the second degree and promoting prison contraband in the first degree.  On that basis alone, we conclude that the court did not err in determining that "substantial justice dictates that [defendant's] application should be denied" (L 2004, ch 738, § 23; *see e.g. People v Arroyo*, 99 AD3d 515, 516; *People v Alvarez*, 94 AD3d 587, 587, *lv denied* 19 NY3d 956; *Rivers*, 43 AD3d at 1248).  Indeed, we note that the purpose of the various DLRAs was to "grant relief from what the Legislature perceived as the 'inordinately harsh punishment for low level *non-violent* drug offenders' that the Rockefeller Drug Laws required" (*People v Paulin*, 17 NY3d 238, 244 [emphasis added]) and, based upon defendant's conduct in prison, it is evident that he is not such an offender.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court