■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ALLEN, Appellant. [963 NYS2d 335]—

Appeal by the defendant from an order of the County Court, Suffolk County (Hudson, J.), dated November 18, 2011, which denied, without a hearing, his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon a jury verdict, on February 25, 1999.

Ordered that the order is reversed, on the law, and the matter is remitted to the County Court, Suffolk County, for a new determination of the defendant's motion, in accordance herewith.

CPL 440.46 (3), provides, in pertinent part, that "[t]he provisions of section twenty three of chapter seven hundred thirty eight of the laws of two thousand four shall govern the proceedings on and determination of a motion brought pursuant to this section." Section 23 of chapter 738 of the Laws of 2004 states, in pertinent part: "The court shall offer an opportunity for a hearing and bring the applicant before it. The court may also conduct a hearing, if necessary, to determine . . . any controverted issue of fact relevant to the issue of sentencing." The defendant's presence is not required where the court determines as a matter of law that a defendant is not entitled to relief pursuant to CPL 440.46 (see People v Vaughan, 62 AD3d 122, 129 [2009]). However, here, the People conceded that the defendant met the statutory requirements for relief pursuant to CPL 440.46, and the question before the court was whether substantial justice dictated that the motion should be denied. Thus, the defendant is entitled to appear before the court and to be given an opportunity to be heard (see People v Martin, 94 AD3d 637 [2012]; People v Scarborough, 88 AD3d 585, 585-586 [2011]; People v Jenkins, 86 AD3d 522, 523 [2011]; People v Moreno, 58 AD3d 643, 644 [2009]; 7-75 New York Criminal Practice § 75.13-b). Since the defendant was not brought before the court, and there is no indication that he knowingly, intentionally, and voluntarily relinquished that right (cf. People v Benitez-Fernandez, 96 AD3d 1665, 1665-1666 [2012]), the order appealed from must be reversed, and the matter remitted to the County Court, Suffolk County, for a new determination of the defendant's motion, to be made after affording him an opportunity to appear before the court, and, if necessary, conducting a hearing (see People v Moreno, 58 AD3d at 644). Rivera, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.