The People of the State of New York, Respondent, v William Duke, Appellant. [975 NYS2d 466]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Camacho, J.), dated January 27, 2012, which, without a hearing, denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree, which sentence was originally imposed, upon a jury verdict, on April 4, 1995.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the defendant's motion, in accordance herewith.

The statutory procedures governing the determination of a motion for resentencing pursuant to CPL 440.46 provide, in pertinent part, that "[t]he court shall offer an opportunity for a hearing and bring the applicant before it" (L 2004, ch 738, § 23; *see* CPL 440.46 [3]; *People v Bens*, 109 AD3d 664 [2013]; *People v Allen*, 105 AD3d 969 [2013]). The defendant's presence is not required for the court's threshold determination of the purely legal issue of whether the defendant meets the statutory eligibility requirements for relief pursuant to CPL 440.46 (*see People v Bens*, 109 AD3d at 665; *People v Allen*, 105 AD3d at 969; *People v Vaughan*, 62 AD3d 122, 129 [2009]), but the defendant is entitled to appear before the court and to be given an opportunity to be heard with respect to the merits of the resentencing motion (*see People v Bens*, 109 AD3d at 665; *People v Allen*, 105 AD3d at 969; *People v Moreno*, 58 AD3d 643 [2009]).

Here, the defendant was not brought before the Supreme Court prior to the court's determination that, although he met the statutory eligibility requirements, substantial justice dictated that his motion for resentencing should be denied. There is nothing in the record to indicate that the defendant was ever advised of his statutory right to be brought before the court, or that he knowingly, intentionally, and voluntarily chose to relinquish that right (*see People v Moreno*, 58 AD3d at 644). The Supreme Court therefore failed to comply with the statutory mandate (*see* L 2004, ch 738, § 23; *People v Bens*, 109 AD3d at 665; *People v Allen*, 105 AD3d at 969; *People v Moreno*, 58 AD3d at 644). Accordingly, we reverse the order appealed from and remit the matter to the Supreme Court, Queens County, for a new determination of the defendant's motion, to be made after affording him an opportunity to appear before the court, and, if necessary, for the court to conduct a hearing (*see* L 2004, ch 738, § 23). Angiolillo, J.P., Dickerson, Austin and Hinds-Radix, JJ., concur.