Appeal by the defendant from an order of the Supreme Court, Queens County (Schwartz, J.), dated October 28, 2015, which denied, without a hearing, his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon a nonjury verdict, on September 14, 1994.
 

 Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the defendant’s motion in accordance herewith.
 

 On a motion by a defendant who is eligible for resentencing pursuant to CPL 440.46, “[t]he court shall offer an opportunity for a hearing and bring the applicant before it” (L 2004, ch 738, § 23; see CPL 440.46 [3]; People v Golo, 26 NY3d 358, 362 [2015]; People v Bens, 109 AD3d 664 [2013]). Inasmuch as this procedure was not followed in the instant case, the order appealed from must be reversed, and the matter remitted to the Supreme Court, Queens County, for a new determination of the defendant’s motion to be resentenced pursuant to CPL 440.46, to be made after affording the defendant an opportunity to appear before the court, and, if necessary, for the court to conduct a hearing (see People v Golo, 26 NY3d at 363; People v Gregory, 143 AD3d 841, 841-842 [2016]; People v Duke, 111 AD3d 955, 956 [2013]; People v Allen, 105 AD3d 969 [2013]).
 

 The defendant’s remaining contentions either are unpreserved for appellate review or need not be reached in light of our determination.
 

 Balkin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.