[889 NYS2d 922]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v VICTOR ROMAN, Defendant.

Supreme Court, Bronx County, December 4, 2009

**APPEARANCES OF COUNSEL**

*Center for Appellate Litigation*, New York City (*Claudia S. Trupp* of counsel), for defendant. *Robert T. Johnson, District Attorney* (*Nikki R. Harding* of counsel), for plaintiff.

## OPINION OF THE COURT

WILLIAM I. MOGULESCU, J.

The defendant moves, pursuant to the Drug Law Reform Act of 2009 (L 2009, ch 56, part AAA, § 9 [eff Oct. 7, 2009]) and CPL 440.46, to be resentenced to a determinate sentence of two years followed by 1½ years' postrelease supervision, in accordance with Penal Law §§ 60.04 and 70.71. The People oppose, arguing that defendant is ineligible for resentencing based on a prior conviction for an "exclusion offense." Based on a review of the motion papers this court finds that defendant is eligible for resentencing.

On April 27, 1999, under indictment No. 4931/96, defendant was convicted of a class B felony for the crime of criminal possession of a controlled substance in the third degree (Penal Law § 220.16) and resisting arrest (Penal Law § 205.30), and sentenced to a concurrent term of 6 to 12 years and one year respectively. This sentence was to run consecutively to his sentence of 12 to 24 years[1] imposed under indictment No. 6894/96 on March 6, 1998, following defendant's conviction of criminal sale of a controlled substance in or near school grounds (Penal Law § 220.44).[2] Defendant was adjudicated and sentenced as a predicate felon on both cases, with his 1994 burglary in the third degree conviction, a nonviolent offense, constituting the predicate conviction for both offenses. The defendant has made an application to be resentenced by application dated October 7, 2009.[3]

The People now contend that defendant is ineligible for resentencing inasmuch as defendant's conviction on April 10, 1986, for attempted burglary in the second degree, was within 10 years of the instant cases for which defendant now seeks to be resentenced and, as such, constitutes an exclusion offense within the statute.

CPL 440.46 (1) states,

"Any person in the custody of the department of correctional services convicted of a class B felony offense defined in article two hundred twenty of the

---

1. Upon appeal, this sentence was reduced to 8 to 16 years. (*People v Roman*, 281 AD2d 230 [1st Dept 2001].)

2. Prior to trial, defendant was offered 4½ to 9 years *concurrent* to his sentence under indictment No. 6894/96 if he would waive any claim of police misconduct.

3. Although separate motions were filed for resentencing, defendant has consented to the consolidation of said motions.

penal law which was committed prior to January thirteenth, two thousand five, who is serving an indeterminate sentence with a maximum term of more than three years, may, except as provided in subdivision five of this section, upon notice to the appropriate district attorney, apply to be resentenced to a determinate sentence in accordance with sections 60.04 and 70.70 of the penal law in the court which imposed sentence."

Further, CPL 440.46 (5) provides,

"The provisions of this section shall not apply to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense. For purposes of this subdivision an 'exclusion offense' is:

"(a) a crime for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was: (i) a violent felony offense as defined in section 70.02 of the penal law; or (ii) any other offense for which a merit time allowance is not available . . . ."

Contrary to the People's position, the statute by its plain meaning contemplates eligibility determinations from the present date. The statute does not state, as the People now purport, that the court shall measure this 10-year time period from the date of the commission of a past offense. Rather, the statute does not qualify the term "within the preceding ten years" with reference to any time frame, thus imposing a plain meaning to this phrase, viz., that this time frame is measured from the date of the motion. When statutory language is clear and unambiguous, "it should be construed so as to give effect to the plain meaning of [the] words used." (*People v Finnegan*, 85 NY2d 53, 58 [1995] [internal quotation marks omitted].) Further, to adopt the position put forth by the People would be to deny a court the ability to reevaluate the propriety of an otherwise draconian sentence meted out under the former sentencing structure for drug offenses. The entire purpose of the Drug Law Reform Act of 2009, and its predecessor 2004 and 2005 Drug Law Reform Acts, is to ameliorate the lengthy sentences given to defendants for selling or possessing a small amount of drugs. To this end, the statute imposes a presumptive applicability, stating that

once a defendant is otherwise eligible for resentencing a court shall not deny the application *unless* "substantial justice dictates that the application should be denied." (L 2004, ch 738, § 23.)

Moreover, as is now pointed out by counsel, the tolling provisions have been interpreted by most agencies, including the Department of Correctional Services, as excluding only that time an offender has spent incarcerated between the commission of the violent felony offense and the present drug offense, and not time spent in custody after the present offense was committed. (*See* exhibit B appended and incorporated into defendant's reply affirmation.)[4]

Finally, the People argue that even if defendant is eligible for resentencing, he would now have to be resentenced as a violent second felony offender based on his 1986 attempted burglary in the second degree conviction. This court rejects this contention. Defendant was initially sentenced as a predicate felon on the instant drug convictions, not as a violent predicate felony offender. The People cannot now peruse defendant's rap sheet and pick out another crime that would provide for an enhanced sentence. The People had the opportunity to use the 1986 conviction as the basis for an enhanced sentence at the time defendant's original sentence was imposed and they chose not to do so. To allow what the People now propose would be to effectively thwart the ameliorative purpose of the statute. Additionally, the purpose of the resentencing provision is not "to grant the resentencing court plenary power over the defendant's sentence . . . The purpose of the resentencing provision . . . is simply to retroactively reduce the level of punishment for certain drug offenses." (*People v Vaughan*, 62 AD3d 122, 125 [2d Dept 2009] [interpreting the Drug Law Reform Act of 2004].) Further, defendant was properly adjudicated a predicate felon at the time of his initial sentence based on a nonviolent felony offense. He was not adjudicated a predicate violent felon.

---

4. "In other words, the ten-year period *is only extended by any* time you may have been incarcerated *between the dates* on which your prior and present offenses were committed. Any other time that you spend in custody, such as the time you have been incarcerated with DOCS after your present offense was committed, will not affect the calculation of the ten-year period in determining whether or not you are eligible to apply to the sentencing courts to be resentenced." (Department of Correctional Services letter dated Sept. 29, 2009 [emphasis supplied].)

He was, at the time of his sentence, given the right to raise any challenges to the constitutionality of the prior conviction which was then chosen to form the basis for the enhanced sentence. As counsel now points out, it would now be difficult if not impossible for defendant to mount any meaningful challenges to prior convictions which occurred so long after the fact.

Accordingly, this court finds that defendant is eligible for resentencing under CPL 440.46 as a second felony offender.