■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GILBERTO SOSA, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEITH BROCK, Respondent. [916 NYS2d 72]—

Judgment of resentence, Supreme Court, New York County (Marcy L. Kahn, J.), rendered January 22, 2010, resentencing defendant Sosa pursuant to CPL 440.46 to an aggregate term of seven years, and judgment of resentence, same court and Justice, rendered February 3, 2010, resentencing defendant Brock pursuant to CPL 440.46 to a term of 7½ years, unanimously affirmed.

The resentencing court properly determined that both defendants were eligible for resentencing under the 2009 Drug Law Reform Act (DLRA). These consolidated appeals involve the interpretation of the 10-year look-back provision of CPL 440.46 (5) (a), which affects the eligibility of drug offenders with prior violent felony convictions for resentencing under the 2009 DLRA. We conclude that the look-back period runs back from the date of a defendant's resentencing application, and not from the date of the drug offense upon which the defendant seeks resentencing. In doing so, we agree with the reasoning set forth in the resentencing court's opinion (27 Misc 3d 638 [Sup Ct, NY County 2010]), as well as with numerous other trial court decisions reaching the same conclusion (see e.g. People v Brown, 26 Misc 3d 1204[A], 2010 NY Slip Op 50000[U] [Sup Ct, NY County 2010]).

Initially, we reject defendants' arguments that these appeals should be dismissed. The People are entitled to appeal from an allegedly unlawful sentence (CPL 450.20 [4]; 450.30 [2]), and an appeal from a sentence includes an appeal from a resentence (CPL 450.30 [3]). We find nothing in any of the three versions of the DLRA that limits the People's preexisting right to appeal from a resentence.

Turning to the merits, we begin by examining the statutory language. CPL 440.46 (5) states that its resentencing provisions "shall not apply to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense." As applicable here, an "exclusion offense" is a violent felony offense "for which the person was previously convicted *within the preceding ten years*, excluding any time

during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony" (CPL 440.46 [5] [a] [emphasis added]).

While the People seek to interpret that provision to mean the 10 years preceding the commission of the present felony, that interpretation strains the plain meaning of the statute. The provision uses the simple phrase "preceding ten years," without reference to the date of commission of the present felony. By its plain meaning, it would mean the 10 years preceding the resentencing application, since no other time period is set forth. In contrast, where the Legislature has intended for a period to run from the date of commission of an offense back to the date of sentence of an earlier crime, it has expressly said so, or incorporated such look-back provisions by reference (*see e.g.* Penal Law § 70.04 [1] [b] [iv]). Accordingly, the maxim expressio unius est exclusio alterius also supports the court's determination (*see generally* McKinney's Cons Laws of NY, Book 1, Statutes § 240).

This interpretation of the statute is consistent with its ameliorative purpose, as well as its concern for protection of the public from violent drug offenders. Measuring the look-back period from the date of the application would permit drug offenders with violent pasts to eventually become eligible as those pasts fade into history, rather than making them permanently ineligible. This interpretation would also be consistent with the statute's public safety concerns, since it would still exclude persons with recent violent backgrounds.

Finally, we note that our decision in *People v Wright* (78 AD3d 474 [2010]) contains language that could be viewed as supporting the People's interpretation of the statute. That language was dictum, at most. The look-back period was not at issue in *Wright*. The phrase in question was peripheral to a discussion of a completely different issue, and was not intended to state an interpretation of the look-back provision. Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.