SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**152**
**KA 10-01905**
PRESENT: SMITH, J.P., CARNI, SCONIERS, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                      OPINION AND ORDER

WILLIE A. HILL, JR., DEFENDANT-RESPONDENT.

---

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR APPELLANT.

LINDA GEHRON, SYRACUSE, FOR DEFENDANT-RESPONDENT.

---

Appeal from a new sentence of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 11, 2010 imposed upon defendant's conviction of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and reckless driving. Defendant was resentenced pursuant to the 2009 Drug Law Reform Act upon his 1999 conviction.

It is hereby ORDERED that the sentence so appealed from is unanimously affirmed.

Opinion by SMITH, J.: This appeal concerns the proper method of calculating whether a defendant is eligible for resentencing pursuant to CPL 440.46. As relevant here, in 1994 defendant was convicted of assault in the first degree (Penal Law § 120.10)[1], a violent felony offense (§ 70.02 [1] [a]), for acts that were committed in 1994, and he was sentenced to an indeterminate term of incarceration. In 1999 he was convicted of, inter alia, criminal possession of a controlled substance in the third degree (§ 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]) based on events that occurred in 1998, and he was sentenced to an indeterminate term of incarceration as a second felony offender pursuant to the sentencing laws applicable at that time. Defendant, acting pro se, filed a motion that was received by Supreme Court in 2009, seeking resentencing pursuant to CPL 440.46. The People opposed the motion, contending that defendant was ineligible for resentencing because the total time between the commission of his prior and present felony offenses, excluding jail time, was less than 10 years and thus he had

---

[1] The record does not reflect the subdivision applicable to this conviction, although all subdivisions of section 120.10 are violent felony offenses.

an "exclusion offense" as that term is defined in CPL 440.46 (5) (a) (i).  The People appeal from a judgment that, inter alia, granted defendant's motion for resentencing.

Contrary to the contention of the People, the court properly concluded that defendant's prior conviction, although a violent felony, did not constitute an "exclusion offense" within the meaning of the statute.  In pertinent part, the statute defines an "exclusion offense" as

> "a crime for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was . . . a violent felony offense as defined in section 70.02 of the penal law" (*id.*).

Defendant concedes that the crime for which he previously was convicted in 1994 is a violent felony offense.  Furthermore, the parties agree that defendant committed and was previously convicted of that offense less than 5 years prior to the commission of the instant felony offense, i.e., criminal possession of a controlled substance in the third degree, and more than 10 years prior to his motion for resentencing, after deducting the time in which he was incarcerated between his commission of the two felony offenses.  Consequently, the issue before us is whether the statute requires that the look-back period of 10 years be measured from the date of commission of the felony offense for which defendant seeks resentencing, as the People contend, or from the date of the motion for resentencing, as defendant contends.  Based upon the plain language of the statute, we agree with defendant that the look-back period is to be measured from the date of the motion for resentencing.

It is a long-settled proposition that, in determining the Legislature's intent in enacting a statute, a court should interpret the statute in a manner that is most consistent with the plain language of the statute (*see generally People v Kisina*, 14 NY3d 153, 158; *People v Washington*, 228 AD2d 23, 26, *lv denied* 90 NY2d 899).  Stated differently, inasmuch

> "[a]s the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof . . . In construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning" (*Majewski v Broadalbin-Perth Cent. School Dist.*,

91 NY2d 577, 583 [internal quotation marks omitted]).

Here, the statute indicates that an exclusion offense is, inter alia, a crime committed "within the preceding ten years" (CPL 440.46 [5] [a]).  Contrary to the People's contention, there is no indication that such phrase is to be measured from the date of the commission of the offense for which defendant is seeking resentencing.  In order to adopt the People's interpretation, we would have to add language to the statute to provide that an exclusion offense is a crime committed within the 10 years preceding the commission of the present felony offense.  It is well settled, however, that " 'a court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact' " (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394, *rearg denied* 85 NY2d 1033, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 363, at 525; *see Janssen v Incorporated Vil. of Rockville Ctr.*, 59 AD3d 15, 28).

Finally, the statute provides in that same sentence that the relevant 10-year period excludes any time "during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony" (CPL 440.46 [5] [a]).  Thus, where the Legislature intended to use the time of the commission of the present felony offense as the starting point for calculating a time period, it unequivocally did so, leading inexorably to the conclusion that it did not intend that the 10-year period be calculated from the commission of the present felony offense.  Consequently, the People's "suggested interpretation is wholly at odds with the wording of the statute and would require us to rewrite the statute.  This we cannot do" (*People v Smith*, 63 NY2d 41, 79, *cert denied* 469 US 1227, *reh denied* 471 US 1049).

Accordingly, we conclude that the sentence should be affirmed (*see People v Sosa*, ___ AD3d ___ [Feb. 8, 2011]).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court