■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE WILLIAMS, Appellant. [917 NYS2d 915]—

In order to be eligible for resentencing under CPL 440.46, a defendant must be in the custody of the department of correctional services, must have been convicted of a class B felony drug offense under article 220 of the Penal Law that was committed prior to January 13, 2005, and must be serving an indeterminate sentence with a maximum of more than three years (see CPL 440.46 [1]; *People v Arroyo*, 28 Misc 3d 1205[A], 2010 NY Slip Op 51151[U] [2010]). However, the provisions of CPL 440.46 do "not apply to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). An "exclusion offense" is defined as, inter alia, "a crime for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was: . . . a violent felony offense as defined in section 70.02 of the penal law" (CPL 440.46 [5] [a] [i]).

Here, at the time the defendant moved for resentencing, effectively on October 7, 2009, he was ineligible for resentencing. The defendant was previously convicted of assault in the second degree, a class D violent felony offense (*see* Penal Law 70.02 [1] [c]), and sentence was imposed on September 28, 2000, which was within 10 years of his motion for resentencing (*see People v Hill*, 82 AD3d 77 [4th Dept 2011]; *People v Sosa*, 81 AD3d 464 [1st Dept 2011]; *People v Green*, 30 Misc 3d 1204[A], 2010 NY Slip Op 52261[U] [2010]; *People v Arroyo*, 28 Misc 3d 1205[A], 2010 NY Slip Op 51151[U], *1; *People v Walltower*, 27 Misc 3d 1205[A], 2010 NY Slip Op 50558[U] [2010]; *People v Danton*, 27 Misc 3d 638, 645 [2010], *affd* 81 AD3d 464 [1st Dept 2011]; *People v Brown*, 26 Misc 3d 1204[A], 2010 NY Slip Op 50000[U] [2010]; *People v Roman*, 26 Misc 3d 784, 786 [2009]; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.46, 2011 Pocket Part, at 32-33), excluding any time during which the defendant was incarcerated between his commission of the second-degree assault and his conviction of criminal possession of a controlled substance in the third degree. Accordingly, the County Court properly denied the defendant's motion for resentencing (*see People v Danton*, 27 Misc 3d at 650-651).

The defendant's remaining contention is without merit. Rivera, J.P., Balkin, Leventhal and Hall, JJ., concur.