■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY REEB, Appellant. [920 NYS2d 499]—

Memorandum: On October 13, 2004 defendant was convicted upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and was sentenced as a second felony offender to an indeterminate term of incarceration of 6 to 12 years. That crime was committed on September 20, 2003. On January 21, 2010, defendant applied for resentencing pursuant to CPL 440.46. County Court denied the application on the ground that defendant was ineligible for resentencing because he had a predicate conviction for an "exclusion offense," i.e., "a crime for which [defendant] was previously convicted within the preceding ten years, excluding any time during which [he] was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was . . . a violent felony offense as defined in section 70.02 of the penal law" (CPL 440.46 [5] [a] [i]). On October 27, 1995, defendant was convicted of two class D violent felony offenses, committed on August 18, 1995 and September 5, 1994, respectively.

The court erred in denying defendant's application on the ground that the two violent felony offenses fall within the definition of "exclusion offense" because they were committed within the 10-year period preceding the instant controlled substance offense for which defendant seeks resentencing. The phrase "within the preceding ten years" in CPL 440.46 (5) does not refer to the period between the previous felonies and the present felony but, rather, it refers to the 10-year period preceding the date of filing of the application for resentencing (see People v Hill, 82 AD3d 77 [2011]; People v Sosa, 81 AD3d 464 [2011]). The record, however, supports the People's contention that, taking into account the time during which defendant was incarcerated between the previous felonies and the present felony, defendant's application was premature (see CPL 440.46 [5] [a]), and thus the application was properly denied. Present—Scudder, P.J., Fahey, Carni, Green and Gorski, JJ.