■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHARON LASHLEY, Respondent. [920 NYS2d 421]—

Appeal by the People from a resentence of the Supreme Court, Queens County (Braun, J.), imposed April 28, 2010, pursuant to CPL 440.46, upon the defendant's conviction of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon her plea of guilty.

Ordered that the resentence is affirmed.

The Supreme Court properly concluded that the defendant was eligible for resentencing pursuant to the Drug Law Reform Act of 2009, codified in CPL 440.46. CPL 440.46 expands the class of offenders who are eligible to seek resentencing to those convicted of class B felonies under the indeterminate sentencing scheme which existed before the first Drug Law Reform Act (L 2004, ch 738) became effective on January 13, 2005. In order to be eligible for resentencing under CPL 440.46, a defendant must have been convicted of a class B felony drug offense prior to January 13, 2005, and must be serving an indeterminate sentence with a maximum term of more than three years (CPL 440.46 [1]). However, the resentencing provisions of CPL 440.46 do not apply "to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). An "exclusion offense" is defined, inter alia, as "a crime for which the person was previously convicted *within the preceding ten years*, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony" (CPL 440.46 [5] [a] [emphasis added]).

Contrary to the People's contention, the Supreme Court correctly measured the 10 year "look-back" period of CPL 440.46 (5) (a) from the date of the defendant's resentencing motion, rather than from the date that she committed the present drug felonies (*see People v Williams*, 82 AD3d 796 [2011]; *People v*

*Hill,* 82 AD3d 77 [2011]; *People v Sosa,* 81 AD3d 464 [2011]). Since the phrase "preceding ten years," as used in the statute, is not qualified by reference to the date of the commission of the present felony, its plain meaning is that the 10-year look-back period should be measured from the date of the resentencing application (*see People v Hill,* 82 AD3d 77; *People v Sosa,* 81 AD3d 464 [2011]). "In contrast, where the Legislature has intended for a period to run from the date of [the] commission of an offense back to the date of sentence of an earlier crime, it has expressly said so, or incorporated such lookback provisions by reference" (*People v Sosa,* 81 AD3d at 465). Furthermore, the People's position that the 10-year look-back period should be construed as running from the date of the commission of the present drug felony is inconsistent with the ameliorative purpose of the statute (*see People v Sosa,* 81 AD3d at 465). When measured from the date of the defendant's October 2009 motion for resentencing, her October 1991 conviction of attempted robbery in the second degree, a class D violent felony, was outside the 10-year look-back period and, thus, did not disqualify her from eligibility for resentencing under the Drug Law Reform Act of 2009. Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.