■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEPHANIE FOXWORTH, Respondent. [923 NYS2d 206]—

Appeal by the People from a resentence of the Supreme Court, Queens County (Latella, J.), imposed April 12, 2010, pursuant to CPL 440.46, upon the defendant's conviction of criminal sale of a controlled substance in the third degree, upon a jury verdict, which sentence was originally imposed on July 18, 2001.

Ordered that the resentence is reversed, on the law, and the original sentence imposed on July 18, 2001, is reinstated.

Contrary to the defendant's contention, the People may appeal from the resentence. The Legislature has permitted the People to appeal from a sentence that the People allege is invalid as a matter of law (*see* CPL 450.20 [4]; 450.30 [2]), and the People also are permitted to appeal from a resentence that the People allege is invalid as a matter of law (*see* CPL 450.30 [3]). Nothing in the Drug Law Reform Act of 2009, codified in CPL 440.46 (hereinafter the 2009 DLRA), or the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23), to which the 2009 DLRA refers, "limits the People's preexisting right to appeal from a resentence" that the People allege is invalid as a matter of law (*People v Sosa*, 81 AD3d 464, 464 [2011]; *cf. People v Bispo*, 65 AD3d 692 [2009]; *People v Newton*, 48 AD3d 115, 120 [2007]).

Turning to the merits, the 2009 DLRA extends to certain individuals the opportunity to make a motion to be resentenced to a less severe sentence (*see People v Witkowski*, 82 AD3d 913 [2011]; *People v Gregory*, 80 AD3d 624, 624-625 [2011]). The 2009 DLRA's resentencing provisions do not "apply to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). An "exclusion offense" is defined, inter alia, as "a crime for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission

of the present felony, which was . . . a violent felony offense" (CPL 440.46 [5] [a] [i]). At issue here is whether a particular violent felony offense committed by the defendant, specifically, criminal possession of a weapon in the third degree, constitutes an exclusion offense.

Contrary to the People's contention, the Supreme Court correctly measured the 2009 DLRA's 10-year "look-back" period from the date of the defendant's motion for resentencing pursuant to the 2009 DLRA, rather than from the date the defendant committed the felony drug offense (*see People v Lashley*, 83 AD3d 868 [2011]; *People v Williams*, 82 AD3d 796 [2011]; *People v Hill*, 82 AD3d 77 [2011]; *People v Sosa*, 81 AD3d at 465). Nevertheless, the People correctly contend that when considering the period of time from the date the sentence was imposed upon the defendant's conviction of criminal possession of a weapon in the third degree to the date the defendant moved for resentencing, minus the period of time the defendant was incarcerated between the date she committed the acts underlying her conviction of criminal possession of a weapon in the third degree and the date she committed the felony drug offense (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.46, 2011 Cumulative Pocket Part, at 32-33; *cf. People v McEachern*, 275 AD2d 330, 331 [2000]), the defendant's conviction of criminal possession of a weapon in the third degree constitutes an exclusion offense (*see People v Williams*, 82 AD3d 796 [2011]) and, therefore, at the time the defendant moved to be resentenced, she was ineligible for resentencing (*id.*). Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.