■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES WALLTOWER, Respondent. [923 NYS2d 853]—

Appeal by the People from a resentence of the Supreme Court, Queens County (Kohm, J.), imposed April 20, 2010, pursuant to CPL 440.46, upon the defendant's conviction of criminal sale of a controlled substance in the third degree, upon a jury verdict, which sentence was originally imposed on May 7, 1997.

Ordered that the resentence is affirmed.

Contrary to the defendant's contention, the People may appeal from the resentence (*see People v Foxworth*, 84 AD3d 1114 [2011] [decided herewith]; *People v Sosa*, 81 AD3d 464 [2011]; *see also* CPL 450.20 [4]; 450.30 [2], [3]).

The People assert that a particular violent felony offense of which the defendant was convicted constituted an "exclusion offense" under CPL 440.46 (5), rendering him ineligible for resentencing pursuant to the Drug Law Reform Act of 2009, codified in CPL 440.46 (hereinafter the 2009 DLRA). Contrary to the People's contention, the Supreme Court correctly measured the 2009 DLRA's 10-year "look-back" period (*see* CPL 440.46 [5] [a]) from the date of the defendant's motion for resentencing, rather than from the date the defendant committed the felony drug offense (*see People v Foxworth*, 84 AD3d 1114 [2011] [decided herewith]; *People v Lashley*, 83 AD3d 868 [2011]; *People v Williams*, 82 AD3d 796 [2011]; *People v Hill*, 82 AD3d 77 [2011]; *People v Sosa*, 81 AD3d at 465). When considering the period of time from the date the sentence was imposed upon the defendant's violent felony offense conviction to the date of the defendant's motion for resentencing on his felony drug offense conviction, minus the period of time the defendant was incarcerated between the date he committed the violent felony offense and the date he committed the felony drug offense (*see People v Foxworth*, 84 AD3d 1114 [2011] [decided herewith]; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.46, 2011 Cumulative Pocket Part, at 32-33), the violent felony offense does not constitute an exclusion offense. Accordingly, at the time the defendant moved for resentencing, he was eligible for resentencing. Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur. **[Prior Case History: 27 Misc 3d 1205(A), 2010 NY Slip Op 50558(U).]**