■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PERRY CROSBY, Respondent. [923 NYS2d 351]—

Appeal by the People from a resentence of the Supreme Court, Queens County (Knopf, J.), imposed July 1, 2010, pursuant to CPL 440.46, upon the defendant's conviction of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict.

Ordered that the resentence is affirmed.

Contrary to the People's contention, the Supreme Court correctly measured the 10-year "look-back" period of CPL 440.46 (5) (a) from the date of the defendant's resentencing motion, rather than from the date he committed the present drug felonies (*see People v Lashley*, 83 AD3d 868 [2d Dept 2011]; *People v Reeb*, 82 AD3d 1620 [2011]; *People v Williams*, 82 AD3d 796 [2011]; *People v Hill*, 82 AD3d 77 [2011]; *People v Sosa*, 81

AD3d 464 [2011]). When measured from the date of the defendant's April 2010 motion for resentencing, his January 1990 convictions of assault in the second degree, class D violent felonies, were outside the 10-year look-back period, and thus did not disqualify him from eligibility for resentencing under the Drug Law Reform Act of 2009 (CPL 440.46). Dillon, J.P., Balkin, Eng and Roman, JJ., concur.