■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JEFFERSON, Appellant. [925 NYS2d 858]—

Appeal by the defendant from an order of the County Court, Suffolk County (Braslow, J.), dated November 12, 2009, which, without a hearing, denied his motion for resentencing pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed by the same court, upon his plea of guilty, on January 21, 2005.

Ordered that the order is affirmed.

In order to apply for resentencing under CPL 440.46, a defendant must be in the custody of the Department of Correctional Services, must have been convicted of a class B felony drug offense under article 220 of the Penal Law that was committed prior to January 13, 2005, and must be serving an indeterminate sentence with a maximum of more than three years (*see* CPL 440.46 [1]; *People v Overton,* 86 AD3d 4 [2011]). However, the provisions of CPL 440.46 do "not apply to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). An "exclusion offense" is defined as, among other things, "a crime for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was . . . a violent felony offense as defined in section 70.02 of the penal law" (CPL 440.46 [5] [a] [i]).

Contrary to the People's contention, the defendant's release to parole following his motion for resentencing has not rendered this appeal academic (*see People v Overton,* 86 AD3d 4 [2011]; *but see People v Santiago,* 77 AD3d 407 [2010], *lv granted* 16 NY3d 799 [2011]; *People v Orta,* 73 AD3d 452 [2010]).

However, at the time the defendant moved for resentencing, he was ineligible for resentencing. The defendant was previously convicted of criminal possession of a weapon in the third degree, a class D violent felony offense (*see* Penal Law § 265.02 [former (4)], repealed effective Nov. 1, 2006, by L 2006, ch 742,

§ 1; Penal Law § 70.02 [1] [c] [amended effective Apr. 13, 2007, by L 2007, ch 7, § 32]). Considering the period of time from the date the sentence was imposed upon the defendant's conviction of criminal possession of a weapon in the third degree to the date the defendant moved for resentencing, minus the period of time the defendant was incarcerated between the date he committed the acts underlying his conviction of criminal possession of a weapon in the third degree and the date he committed the felony drug offense, the defendant's conviction of criminal possession of a weapon in the third degree constitutes an exclusion offense (*see People v Foxworth,* 84 AD3d 1114 [2011]; *People v Williams,* 82 AD3d 796 [2011]; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.46, 2011 Pocket Part, at 32-33). Therefore, at the time the defendant moved to be resentenced, he was ineligible for resentencing. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.