# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**394**
**KA 10-01441**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                  MEMORANDUM AND ORDER

RAFAEL WALLACE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered May 20, 2010 pursuant to the 2009 Drug Law Reform Act. The order denied defendant's application to be resentenced upon defendant's 1993 conviction of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following Memorandum: On April 2, 1993 defendant was convicted upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]). He was sentenced as a second felony offender to an indeterminate term of imprisonment of 10 to 20 years. Defendant was thereafter released on parole, his parole was revoked based upon a violation and he was reincarcerated. On March 19, 2010, while he was incarcerated, defendant applied for resentencing pursuant to CPL 440.46.

Supreme Court erred in denying defendant's application on the ground that defendant was ineligible to apply for resentencing because he was incarcerated at that time based on a parole violation. "[P]risoners who have been paroled, and then reincarcerated for violating their parole, are not for that reason barred from seeking relief under [CPL 440.46]" (*People v Paulin*, ___ NY3d ___, ___ [June 28, 2011]). The court further erred in denying the application on the ground that defendant's prior conviction of burglary in the second degree (Penal Law § 140.25), a class C violent felony offense committed on August 18, 1983, rendered him ineligible for resentencing. Contrary to the conclusion of the court, that offense

does not fall within the definition of an "exclusion offense" (CPL 440.46 [5]), e.g., a violent felony offense for which defendant "was previously convicted within the preceding ten years" (CPL 440.46 [5] [a]).  "The phrase 'within the preceding ten years' in CPL 440.46 (5) does not refer to the period between the previous felon[y] and the present felon[ies] but, rather, it refers to the 10-year period preceding the date of filing of the application for resentencing" (*People v Reeb*, 82 AD3d 1620, 1621; *see People v Hill*, 82 AD3d 77, 79-80).

We therefore reverse the order and remit the matter to Supreme Court for further proceedings on defendant's application for resentencing pursuant to CPL 440.46.

Entered:  August 19, 2011                    Patricia L. Morgan
                                             Clerk of the Court