# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**435**
**KA 10-01815**
PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

KEVIN M. SKINNER, II, DEFENDANT-APPELLANT.

---

MULDOON & GETZ, ROCHESTER (GARY MULDOON OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County
(Joseph D. Valentino, J.), rendered August 24, 2010. The judgment
convicted defendant, upon a jury verdict, of assault in the second
degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by reducing the conviction of assault
in the second degree (Penal Law § 120.05 [7]) to assault in the third
degree (§ 120.00 [1]) and vacating the sentence and as modified the
judgment is affirmed, and the matter is remitted to Supreme Court,
Monroe County, for sentencing on the conviction of assault in the
third degree and for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him
following a jury trial of assault in the second degree (Penal Law §
120.05 [7]) based on an incident in which he injured an employee of
Industry Secure Facility (Industry), where defendant had been serving
a sentence imposed upon him as a juvenile offender. A person violates
section 120.05 (7) when, "[h]aving been charged with or convicted of a
crime and *while confined in a correctional facility*, as defined in
[Correction Law § 40 (3)], pursuant to such charge or conviction, with
intent to cause physical injury to another person, he causes such
injury to such person or to a third person" (emphasis added).
Defendant contends that his conviction should be reduced to the lesser
included offense of assault in the third degree (Penal Law § 120.00
[1]) because the evidence at trial is legally insufficient to
establish that Industry is a correctional facility within the meaning
of Correction Law § 40 (former [3]). Industry is operated by the
Office of Children and Family Services, formerly known as the State
Division for Youth. The People concede that the conviction should be
reduced to assault in the third degree but on a different ground than
that advanced by defendant. According to the People, the verdict is

against the weight of the evidence in light of the definition of a correctional facility given to the jury by Supreme Court in its final instructions, which did not include "a secure facility operated by the state division for youth" (§ 40 [former (3)]).  Because we agree with defendant that the evidence is legally insufficient to support the conviction of felony assault, we need not address the People's alternative ground for modification.

Pursuant to Penal Law § 120.05 (7), conduct that would otherwise constitute a misdemeanor assault constitutes a class D felony assault when the conduct occurs within a correctional facility as defined in Correction Law § 40 (3).  The version of Correction Law § 40 (3) in effect at the time of the incident in question defined a correctional facility as "any institution operated by the state department of correctional services, any local correctional facility, or any place used, pursuant to a contract with the state or a municipality, for the detention of persons charged with or convicted of a crime, or, *for the purpose of this article only*, a secure facility operated by the state division for youth" (emphasis added).  A local correctional facility is defined as "any county jail, county penitentiary, county lockup, city jail, police station jail, town or village jail or lockup, court detention pen or hospital prison ward" (§ 40 [2]).

The indictment charged defendant with one count of assault in the second degree pursuant to Penal Law § 120.05 (7).  Prior to trial, defendant moved to reduce the charge to assault in the third degree, contending that Industry was not a correctional facility within the meaning of Correction Law § 40 (former [3]).  Defendant argued that, although the definition of correctional facility set forth in section 40 (former [3]) included "a secure facility operated by the state division for youth," the statute specifically stated that the definition in that regard was for the purpose of that "article only," i.e., article 3 of the Correction Law.  Defendant therefore concluded that the definition of a correctional facility that includes secure facilities operated by the state division for youth did not apply to Penal Law § 120.05 (7).  The court denied the motion and determined, inter alia, that the Legislature intended to include juvenile detention facilities such as Industry within the ambit of section 120.05 (7).

The case therefore proceeded to trial on the indictment.  At the close of the People's proof, defendant moved for a trial order of dismissal on the ground that the evidence is legally insufficient to establish that Industry was a correctional facility.  The court initially reserved decision on the motion but denied it after the jury rendered a guilty verdict.  Defendant then moved to set aside the verdict prior to sentencing, again contending that the People failed to establish that Industry was a correctional facility within the meaning of Correction Law § 40 (former [3]).  The court denied the motion and sentenced defendant to a term of imprisonment.  This appeal ensued.

We agree with defendant that Industry does not constitute a correctional facility within the meaning of Correction Law § 40

(former [3]) and that the evidence therefore is legally insufficient to establish that he violated Penal Law § 120.05 (7).  "It is a long-settled proposition that, in determining the Legislature's intent in enacting a statute, a court should interpret the statute in a manner that is most consistent with the plain language of the statute" (*People v Hill*, 82 AD3d 77, 79; *see generally People v Kisina*, 14 NY3d 153, 158).  Here, the plain language of Correction Law § 40 (former [3]) supports defendant's interpretation that the reference to "a secure facility operated by the state division for youth" in the statute's definition of a correctional facility applies only to article 3 of the Correction Law and not to Penal Law § 120.05 (7). Because " 'the clearest indicator of legislative intent is the statutory text' " (*Hill*, 82 AD3d at 79, quoting *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583), and the text of Correction Law § 40 (former [3]) is clear and unambiguous with respect to the matter in question, we need not explore the legislative history behind that statute or Penal Law § 120.05 (7) in an attempt to discern a contrary intent.

In any event, we do not agree with the court's determination that the Legislature intended for Penal Law § 120.05 (7) to apply to assaults committed in juvenile facilities.  It is true, as the court pointed out, that the legislation enacting section 120.05 (7) was entitled, "An Act to amend the penal law, in relation to mandatory consecutive terms of imprisonment for persons convicted of assault upon a guard, employee, or inmate of a correction institution *or juvenile detention facility*" (L 1981, ch 372 [emphasis added]). Indeed, the original version of the proposed statute applied not just to correctional institutions and juvenile detention facilities, but also to facilities within the "reformatory system" (1981 NY Assembly Bill A6725).  During the legislative process, however, amendments were made and the references to juvenile detention facilities were omitted from the substantive provisions of the bill (*see* 1981 NY Assembly Journal, 1155, 1259, 1442; 1981 NY Senate Journal, 553-554, 578). Thus, the bill that ultimately passed the Legislature applied only to correctional facilities as defined in Correction Law § 40 (former [3]).  Inasmuch as the Legislature considered the option of applying Penal Law § 120.05 (7) to assaults committed in juvenile facilities but ultimately passed an amended version of the bill not containing such language, we conclude that the Legislature expressed its intent that section 120.05 (7) would not apply to juvenile facilities.

Defendant's interpretation of Penal Law § 120.05 (7) is also supported by a comparison to article 205 of the Penal Law, which defines the various crimes of escape and other crimes relating to custody.  A person is guilty of escape in the second degree when he or she, inter alia, "escapes from a detention facility" (§ 205.10 [1]) or, "[h]aving been arrested for, charged with or convicted of a class C, class D or class E felony, he [or she] escapes from custody" (§ 205.10 [2]).  If a person has been charged with or convicted of a felony and escapes from a detention facility, or if he or she has been arrested for, charged with or convicted of a class A or class B felony and escapes from custody, that person is guilty of escape in the first degree (§ 205.15 [1], [2]).  Notably, a "[d]etention [f]acility" is

defined in article 205 as "any place used for the confinement, pursuant to an order of a court, of a person (a) charged with or convicted of an offense, or (b) charged with being or adjudicated a youthful offender, person in need of supervision or juvenile delinquent, or (c) held for extradition or as a material witness, or (d) otherwise confined pursuant to an order of a court" (§ 205.00 [1]).

It is therefore evident that the definition of a "detention facility" for purposes of escape is far broader than that of a "correctional facility" in Correction Law § 40 (3), and that definition of a detention facility would clearly include Industry within its ambit.  It stands to reason that, if the Legislature, in enacting Penal Law § 120.05 (7), had intended to make it a felony to commit misdemeanor assault in a youth facility such as Industry, it could easily have done so by using language similar to that contained in article 205 with respect to escape crimes.  We thus conclude that, for the purpose of Penal Law § 120.05 (7), Industry is not a correctional facility within the meaning of Correction Law § 40 (3), and that the evidence at trial therefore is legally insufficient to establish a necessary element of the crime charged.  We need not address defendant's remaining contentions because, even in the event that they were meritorious, they would not result in dismissal of the indictment.  We therefore modify the judgment by reducing the conviction of assault in the second degree to assault in the third degree and vacating the sentence, and we remit the matter to Supreme Court for sentencing on the conviction of assault in the third degree.

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court