Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered December 10, 2009 pursuant to the 2009 Drug Law Reform Act. The order denied defendant’s application to be resentenced upon defendant’s 2004 conviction of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree.
It is hereby ordered that the order so appealed from is unanimously reversed on the law and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order denying his application for resentencing pursuant to CPL 440.46. The People correctly concede that County Court erred *1405 in determining that defendant is ineligible for resentencing on the ground that he had a prior conviction for an “exclusion offense” as defined in CPL 440.46 (5) (a) (ii). The court made that determination by erroneously calculating the look-back period of 10 years set forth in the statute from the date on which defendant committed the crimes for which he seeks resentencing, rather than from the date on which he filed the application for resentencing (see People v Sosa, 18 NY3d 436, 440 [2012]; People v Hill, 82 AD3d 77, 79-80 [2011]). We therefore reverse the order and remit the matter to County Court for further proceedings on defendant’s application for resentencing. Present—Scudder, PJ., Smith, Centra, Lindley and Martoche, JJ.