■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER FORD, Appellant. [962 NYS2d 39]—

Order, Supreme Court, New York County (Laura A. Ward, J.), entered on or about January 6, 2010, which denied defendant's CPL 440.46 motion for resentencing, unanimously affirmed.

The court concluded that substantial justice dictated the denial of the motion (*see generally People v Gonzalez*, 29 AD3d 400 [1st Dept 2006], *lv denied* 7 NY3d 867 [2006]). We have consistently held that, in determining whether substantial justice dictates the denial of a resentencing application, it is proper to consider the totality of the circumstances, including the nature and seriousness of the offense for which the defendant was sentenced (*see e.g. People v Rodriguez*, 54 AD3d 600 [1st Dept 2008]), the defendant's conduct post-sentence (*see People v Batista*, 45 AD3d 396 [1st Dept 2007]), and his or her criminal and institutional record (*see People v Anonymous*, 98 AD3d 913 [1st Dept 2012], *lv denied* 20 NY3d 985 [2012]).

Defendant had amassed an extensive criminal record in both New York and New Jersey dating back to 1987. While it is true that many of his convictions involved relatively minor misdemeanor property and drug possession crimes, a number of them were the result of pleas to misdemeanors in satisfaction of felony charges. Moreover, defendant's criminal history reveals his use of various aliases and dates of birth, as well as a number of convictions for the sale of drugs, and not mere possession. His

history of recidivism, particularly his three parole violations for the commission of crimes while on parole, were all appropriate factors for the court to consider. Although defendant attempts to minimize the sale of cocaine to an undercover police officer in the instant case, the record reveals that he had on his person a greater amount of drugs than he sold to the officer. It is clear from these facts, as well as defendant's prior convictions for felony drug sales, that this sale was not an isolated incident.

The court also considered the evidence of defendant's rehabilitation while in prison (see People v Davis, 51 AD3d 573 [1st Dept 2008]). Defendant completed treatment programs for both his drug addition and his mental issues. His prison record was exemplary. Nevertheless, it was within the court's discretion to conclude that defendant's record while incarcerated did not outweigh the seriousness of his offense and his extensive history of recidivism and absconding (see People v Spann, 88 AD3d 597, 598 [1st Dept 2011], lv denied 18 NY3d 886 [2012]; People v McRae, 88 AD3d 552 [1st Dept 2011], lv denied 18 NY3d 884 [2012]). Nor do defendant's age and mental condition warrant a different result. Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Román, JJ.