# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1030

KA 12-01764

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KEITH R. WILSON, DEFENDANT-APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

----------------------------------------------------------------------------------------------------

Appeal from an order of the Cattaraugus County Court (Larry M. Himelein, J.), entered July 19, 2012 pursuant to the 2009 Drug Law Reform Act. The order denied defendant's application to be resentenced upon his conviction of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his application for resentencing pursuant to CPL 440.46, the 2009 Drug Law Reform Act (DLRA-3). Although defendant is eligible to apply for resentencing under DLRA-3 despite the fact that he was released from incarceration and has since been reincarcerated for allegedly violating the conditions of his parole (*see People v Paulin*, 17 NY3d 238, 243-244; *People v Wallace*, 87 AD3d 824, 824), we nevertheless conclude that County Court neither abused nor improvidently exercised its discretion in determining that substantial justice required denial of his application. It is undisputed that defendant completed treatment for substance abuse and participated in many vocational programs while incarcerated, but it was within the court's discretion to conclude that those accomplishments did not outweigh his lengthy criminal history, unsatisfactory prison disciplinary record, and history of absconding (*see e.g. People v Manigault*, 107 AD3d 492, 493; *People v Ford*, 103 AD3d 492, 493; *People v Spann*, 88 AD3d 597, 598, *lv denied* 18 NY3d 886; *People v Hickman*, 85 AD3d 1057, 1057-1058, *lv denied* 18 NY3d 859).

Entered:  November 8, 2013                          Frances E. Cafarell
                                                    Clerk of the Court