200 Claremont Ave. Hous. Dev. Fund Corp. v Estate of Lewis (2024 NY Slip Op 24051)

[*1]

200 Claremont Ave. Hous. Dev. Fund Corp. v Estate of Lewis

2024 NY Slip Op 24051

Decided on February 21, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on February 21, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

571374/23

200 Claremont Avenue Housing Development Fund Corporation, Petitioner-Appellant,
against
Estate of Elsie Lewis, Respondent-Respondent, and Dorian Lewis and "John or Jane Doe," Respondents-Respondents.

Petitioner appeals from an order of the Civil Court of the City of New York, New York County (Karen May Bacdayan, J.), dated July 12, 2022, which denied its motion for a default judgment of possession against respondent Estate of Elsie Lewis and dismissed the petition in a nonpayment summary proceeding.

Per Curiam.
Order (Karen May Bacdayan, J.), dated July 12, 2022, affirmed, without costs.
Civil Court properly dismissed this nonpayment summary proceeding without prejudice to recommencement following the appointment of an executor or administrator of the estate of the deceased tenant. The Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch. 36), amended RPAPL 711(2) to provide, inter alia, that where a tenant dies during the term of the lease, a nonpayment proceeding may be commenced naming the occupants of the apartment "seeking a possessory judgment only as against the estate." However, "[a]n estate is not a legal entity and any action for or against the estate must be by or against the executor or administrator in his or her representative capacity" (Grosso v Estate of Gershenson, 33 AD3d 587 [2006][quotation marks and citation omitted]; see Extell Belnord LLC v Uppman, 113 AD3d 1, 12 [2013]; Westway Plaza Assoc. v Doe, 179 AD2d 408 [1992]). Here, it is undisputed that no executor or public administrator has been appointed for the deceased tenant's estate. Therefore, [*2]the petition was properly dismissed.
While the prior version of RPAPL 711(2) expressly permitted a landlord to proceed against the deceased tenant's estate when, inter alia, "no administrator or executor has been appointed ... after three months from the date of death of the tenant," the statute, as amended, no longer contains that language. "The Legislature, by enacting an amendment of a statute changing the language thereof, is deemed to have intended a material change in the law" (McKinney's Cons Laws of NY, Book 1, Statutes § 193[a]). The fact that the quoted language was not carried over to the new legislative enactment provides strong support for the conclusion that the legislature intended to end the practice of allowing a nonpayment proceeding against a deceased tenant's estate where no executor or administrator has been appointed (see e.g., Stettine v County of Suffolk, 66 NY2d 354, 357-358 [1985]; People v Skinner, 94 AD3d 1516, 1519 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 21, 2024