■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS GARCIA, Appellant. [901 NYS2d 837]—

Judgment of resentence, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered December 21, 2009, resentencing defendant, as a second felony offender, to a term of nine years, unanimously reversed, on the law, and the matter remanded for resentencing.

The court improperly resentenced defendant in his absence. When the court resentenced defendant on his drug conviction after granting his CPL 440.46 application, he was entitled to be present for the actual pronouncement of the new sentence, notwithstanding his presence at a proceeding three days earlier at which the terms of the new sentence were discussed (*see People v Lucks*, 91 AD2d 896 [1983]). Defendant did not waive his presence for sentencing; on the contrary, counsel specifically objected to her client's absence. A defendant's right to hear the pronouncement of a sentence is guaranteed by statute (*see* CPL 380.40; *People v Sparber*, 10 NY3d 457, 469-471 [2008]), and it does not depend on whether the defendant would have something to contribute. Accordingly, there is no reason to create an exception for cases where all matters relating to sentencing were resolved at prior proceedings; such an a exception would render a defendant's presence unnecessary in many cases involving plea bargains.

In addition, the record is unclear whether the court imposed sentence on both of the counts on which defendant was convicted (*see* CPL 380.20).

We have considered and rejected defendant's requests for additional relief. Concur—Gonzalez, P.J., Sweeny, Richter, Abdus-Salaam and Román, JJ.