THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL MURRAY, Appellant. [933 NYS2d 15]—

On March 15, 2000 defendant was convicted, after a jury trial, of criminal sale of a controlled substance in the third degree, a class B felony, and was sentenced to an indeterminate term of 5 to 10 years. Defendant was found to have sold cocaine to an undercover police officer on April 27, 1999 in New York County. On May 27, 2003 this Court unanimously affirmed defendant's conviction and sentence (305 AD2d 301 [2003], *lv denied* 100 NY2d 623 [2003]).

In February 2010 defendant moved, pursuant to CPL 440.46, to be resentenced to a determinate term under the 2009 Drug

Law Reform Act (L 2009, ch 56) (DLRA). In a written decision dated June 25, 2010 and handed to counsel at a scheduled court appearance on June 29, the court denied defendant's motion.

In July 2010 defendant moved to renew his application, claiming that his medical records showed mental and emotional problems, which stemmed from an organic brain injury he suffered as a child. He argued his medical condition should be considered as a significant mitigating factor that contributed to his prison disciplinary record. Upon renewal, the lower court adhered to its original decision denying resentencing.

The DLRA provides that "[t]he court shall offer an opportunity for a hearing and bring the applicant before it. The court may also conduct a hearing, if necessary, to determine whether such person qualifies to be resentenced or to determine any controverted issue of fact relevant to the issue of sentencing" (L 2004, ch 738, § 23). Here, defendant did not preserve his argument that he was denied a proper hearing on his resentencing motion (see People v Alaouie, 86 AD3d 462 [2011]; People v Soler, 45 AD3d 499 [2007], lv dismissed 9 NY3d 1009 [2007]), and we decline to review it in the interest of justice. When the court handed down its decision on June 29, 2010 defendant neither asked for a hearing, nor objected on the ground that he had not been given an opportunity to be heard prior to the denial of the motion. Defendant also did not raise these specific objections in his renewal motion.

In any event, review of the renewal motion and the supporting medical records does not provide a basis for DLRA resentencing. Defendant has a criminal history spanning approximately 25 years, with a total of 31 convictions, five of which are felony convictions, and one of which is a violent felony conviction. During his time in prison, defendant compiled a record of 29 disciplinary infractions, including seven tier III infractions and 22 tier II infractions. These infractions involved verbally and physically abusive conduct toward prison staff, threats and harassment, use of obscene language, and, on one occasion, threatening to kill a correction officer. The most significant of defendant's infractions was his conviction of attempted first-degree promoting prison contraband for possession of a three-inch sharpened metal blade, concealed in his right-leg pants cuff. Defendant was sentenced to an indeterminate prison term of $1\frac{1}{2}$ to 3 years, to run consecutively with his prison sentence for the underlying drug conviction.

In addition to a poor disciplinary history, defendant also exhibited an inability to complete various substance abuse and behavior programs. Defendant was removed from several

programs for disciplinary reasons, and failed to complete alcohol and substance abuse programs due to poor participation or progress. Further, defendant's medical records do not raise any controverted issues of fact relevant to his resentencing. The factual content of the records was not in dispute; rather, the only issue presented was the inference to be drawn from the medical records.

Finally, although the issue was not properly preserved in this case, we remind trial courts that the statute mandates that the court offer an opportunity for a hearing and that the applicant be brought before it prior to a decision being issued on the motion (*People v Figueroa*, 21 AD3d 337, 339 [2005], *lv denied* 6 NY3d 753 [2005]). Concur—Catterson, J.P., Richter, Manzanet-Daniels and Román, JJ.