# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**576**
**KA 07-01694**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

ONACIMO BENITEZ-FERNANDEZ, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered June 12, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to an indeterminate term of incarceration of 5 to 15 years.

Memorandum:  In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]).  In appeal No. 2, defendant appeals from an order denying his application for resentencing pursuant to CPL 440.46, the 2009 Drug Law Reform Act (DLRA-3).

Addressing first the order in appeal No. 2, we note that, "[w]hen a defendant moves for resentencing under [DLRA-3], the defendant is entitled to be brought before the court and given an opportunity to be heard" (*People v Jenkins*, 86 AD3d 522, 522; *see* CPL 440.46 [3]; L 2004, ch 738, § 23; *People v Rampino*, 55 AD3d 348, 349).  Defendant contends that County Court failed to comply with the statutory mandate that "[t]he court shall . . . bring the applicant before it" (L 2004, ch 738, § 23; *see People v Scarborough*, 88 AD3d 585, 585-586; *Jenkins*, 86 AD3d at 522-523; *People v Moreno*, 58 AD3d 643, 644).  It is undisputed that defendant was never before the court on his resentencing motion.  The People respond that defendant waived his right to be brought before the court when defense counsel submitted the motion for resentencing on the papers.  "There is nothing in the record, however, to support any inference that the defendant was ever

advised of his statutory right to be brought before the court, or that he knowingly, intentionally, and voluntarily chose to relinquish that right" (*Moreno*, 58 AD3d at 644).  We nevertheless conclude that defendant failed to preserve his contention for our review (*see People v Murray*, 89 AD3d 567, 568; *see generally People v Williams*, 90 AD3d 1547, 1547-1548).  Defense counsel did not object to defendant's absence at oral argument on the motion for resentencing, nor did he object when the court decided the motion in the absence of defendant from the courtroom (*see Murray*, 89 AD3d at 568; *cf. People v Garcia*, 74 AD3d 477, 478).  We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Although defendant is eligible to apply for resentencing under DLRA-3 (*see* CPL 440.46 [1]), we conclude that the court "did not abuse its discretion in determining that substantial justice required denial of his application" (*People v Gatewood*, 87 AD3d 825, 826, *lv denied* 17 NY3d 903; *see* CPL 440.46 [3]; L 2004, ch 738, § 23; *see e.g. People v Hickman*, 85 AD3d 1057, 1057-1058, *lv denied* 18 NY3d 859; *People v Wilson*, 85 AD3d 1069, 1069-1070, *lv denied* 17 NY3d 863).  We note in particular that defendant absconded prior to sentencing on the conviction in appeal No. 1, and he remained at liberty for approximately 14 years until he was involuntarily returned on a warrant.

With respect to the judgment in appeal No. 1, we agree with defendant that the sentence is unduly harsh and severe.  Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment by reducing the sentence to an indeterminate term of incarceration of 5 to 15 years.

Entered:  June 29, 2012                    Frances E. Cafarell
                                           Clerk of the Court