■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAIN, Appellant. [986 NYS2d 275]—

McCarthy, J. Appeal from an order of the County Court of Schenectady County (Hoye, J.), entered January 18, 2013, which denied defendant's motion for resentencing pursuant to CPL 440.46.

In 2004, defendant was convicted of criminal possession of a controlled substance in the third degree following his plea of guilty and sentenced to a prison term of 7 to 14 years. This

conviction was upheld on appeal (*People v Cain*, 24 AD3d 889 [2005], *lv denied* 7 NY3d 753 [2006]). In 2012, defendant sought resentencing pursuant to the Drug Law Reform Act of 2009 (*see* CPL 440.46). Although defendant was eligible for resentencing under the statute (*see* CPL 440.46 [1]), County Court denied defendant's application on the papers. Defendant appeals.

The governing legislation provides that "[t]he court shall offer an opportunity for a hearing and bring the applicant before it" (L 2004 ch 738, § 23; *see* CPL 440.46 [3]). Where, as here, a defendant is eligible for relief pursuant to CPL 440.46, he or she must be brought before the court and offered an opportunity to be heard (*see People v Allen*, 105 AD3d 969, 969 [2013]; *People v Moreno*, 58 AD3d 643, 644 [2009]). The record does not reflect that the proper procedure was followed in this case (*see People v Benitez-Fernandez*, 96 AD3d 1665, 1665 [2012]; *compare People v Robinson*, 45 AD3d 442, 442 [2007], *lv dismissed* 10 NY3d 815 [2008]). Accordingly, the order appealed from must be reversed and the matter remitted to County Court for further proceedings (*see People v Allen*, 105 AD3d at 969; *People v Moreno*, 58 AD3d at 644). In light of our conclusion on this procedural issue, we need not address defendant's remaining argument.

Lahtinen, J.P., Rose, Egan Jr. and Lynch, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.