■ The People of the State of New York, Respondent, v Darryl J. Davis, Appellant. [24 NYS3d 536]—

Lynch, J. Appeal from an order of the County Court of Schenectady County (Hoye, J.), entered June 6, 2013, which denied defendant's application for resentencing pursuant to CPL 440.46.

In 2003, in satisfaction of a four-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree in exchange for a prison sentence of 3 to 9 years. Defendant was arrested and indicted on new charges while awaiting sentencing and, having signed a *Parker* admonishment, received an enhanced prison sentence of 6 to 18 years. In 2004, defendant was convicted, upon entry of his guilty plea, of criminal sale of a controlled substance in the third degree and sentenced to a negotiated prison term of 6½ to 19½ years, to be served concurrently with the sentence he received on his 2003 conviction. In 2013, defendant applied for resentencing pursuant to the Drug Law Reform Act of 2009 (*see* L 2009, ch 56, as codified in CPL 440.46). Despite his eligibility for resentencing (*see* CPL 440.46 [1]), County Court denied defendant's application on the papers, prompting this appeal.

The Drug Law Reform Act of 2009 requires that, upon receipt of an application for resentencing, "[t]he court shall offer an opportunity for a hearing and bring the applicant before it" (L 2004, ch 738, § 23; *see* CPL 440.46 [3]; *People v Bens*, 109 AD3d 664, 664 [2013]). Inasmuch as the record does not reflect that defendant was afforded "an opportunity to be heard on the merits of [his] application," the order appealed from must be reversed and the matter remitted to County Court so that a new determination can be made on defendant's application after the proper procedure has been followed (*People v Golo*, 26 NY3d 358, 363 [2015]; *see People v Cain*, 117 AD3d 1282, 1283 [2014]; *People v Bens*, 109 AD3d at 664; *People v Allen*, 105 AD3d 969, 969 [2013]). In view of our determination, we need not address whether County Court's denial of defendant's application was an abuse of discretion.

Peters, P.J., Garry and Rose, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.