■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURENCE GREGORY, Appellant. [38 NYS3d 814]—Appeal by the defendant, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Corrigan, J.), entered May 8, 2015, as denied, without a hearing, that branch of his motion which was to be resentenced pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree, which sentence was originally imposed on November 2, 2001.

Ordered that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of that branch of the defendant's motion which was to be resentenced pursuant to CPL 440.46.

On a motion by a defendant who is eligible for resentencing pursuant to CPL 440.46, "[t]he court shall offer an opportunity for a hearing and bring the applicant before it" (L 2004, ch 738, § 23; *see* CPL 440.46 [3]; *People v Golo*, 26 NY3d 358, 362 [2015]; *People v Davis*, 136 AD3d 1106, 1107 [2016]; *People v Bens*, 109 AD3d 664 [2013]). Inasmuch as this procedure was not followed in the instant case, the order appealed from must be reversed insofar as appealed from, and the matter remitted to the Supreme Court, Nassau County, for a new determination of that branch of the defendant's motion which was to be resentenced pursuant to CPL 440.46, to be made after affording the defendant an opportunity to appear before the court,

and, if necessary, for the court to conduct a hearing (*see People v Golo,* 26 NY3d at 363; *People v Davis,* 136 AD3d at 1107; *People v Cain,* 117 AD3d 1282, 1283 [2014]; *People v Duke,* 111 AD3d 955, 956 [2013]; *People v Allen,* 105 AD3d 969 [2013]). Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.